(No. 6164.   November 2, 1934.)

STATE, Respondent, v. W. C. GRIFFITH, Appellant.

[37 Pac. (2d) 402.]

Lot L. Feltham, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

HOLDEN, J.—Appellant was charged with, and convicted of, the crime of battery in the probate court of

Lemhi county. He appealed to the district court and was again convicted, and from the judgment of conviction, and an order denying motion for new trial, he appeals to this court.

December 6, 1933, appellant, and one Cramer, in Cramer's automobile, drove to the farm of the complaining witness to see him about certain personal property held by the complaining witness, J. G. Wicklund. Upon arrival at the Wicklund home, a conversation, between appellant and Wicklund, in regard to the personal property, occurred at the rear of Cramer's automobile, which stood outside a woven wire fence inclosing the Wicklund residence. Shortly after the conversation began, Wicklund left, passing through a gate in said fence, in front of the Wicklund residence. Appellant followed Wicklund to the gate and stopped. After Wicklund had passed through and gotten a short distance from the gate, he turned around and started back. When within about three feet of the gate, he demanded that appellant apologize for "a dirty remark" which appellant, according to Wicklund's statement, had made about Wicklund's wife. Appellant then drew a tear gas gun, whereupon Wicklund said, "Draw your gas gun, you dirty coward." Appellant then fired the tear gas gun, the charge striking Wicklund full in the face, quite severely injuring Wicklund's left eye. Appellant testified that Wicklund first struck him with his fist, and then with a shovel, before he fired the tear gas gun, in which he was corroborated to some extent by Cramer.

Following conviction in the district court, appellant moved in arrest of judgment, and for a new trial. The trial court denied both motions.

Appellant was prosecuted under section 17–1203, I. C. A., which reads as follows:

"A battery is any wilful and unlawful use of force or violence upon the person of another."

Several alleged errors are assigned, to wit: That the complaint does not state facts sufficient to constitute a public offense; that the court erred in refusing to grant appellant's

motion in arrest of judgment; that the court erred in denying appellant's motion for a new trial; that the evidence is insufficient to support the judgment, and that the court erred in refusing to give appellant's requested instruction No. 1.

The first and second alleged errors will be considered together. The material part of the complaint, charging appellant with the crime of battery, is as follows:

"That W. C. Griffith of Northfork, on the 6th day of December, 1933, at Salmon, in the County of Lemhi, and State of Idaho, committed the crime of battery, committed as follows, to-wit:

"The said W. C. Griffith being then and there did then and there wilfully and unlawfully use force and violence in and upon the person of J. G. Wicklund."

Appellant argues, in effect, that the sufficiency of the complaint must be tested by the provisions of sections 19–1309, 19–1310, and 19–1311, I. C. A. Those sections form a part of chapter 13, I. C. A., covering indictments and informations. They do not cover, and are not applicable to, complaints filed in the probate and justices' courts, charging the commission of misdemeanors. Chapter 40, vol. 1, I. C. A., covers proceedings in the probate and justices' courts in criminal cases. Section 19–4001 of that chapter provides as follows:

"All proceedings and actions before probate and justices' courts for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

It will be observed that the complaint charged every element of the offense of battery, with the particulars of time, place and person (no property is involved). Therefore, a conviction under it could be pleaded as a bar to another charge for the same offense. See *Ex parte Winston,* 160 Cal. 18, 116 Pac. 390, where the point raised by appel-

lant here was before that court, upon a complaint identical with the complaint in the case at bar, and under a statute identical with section 19–4001, *supra*.

We conclude that the complaint, tested by the requirements of that section, sufficiently charged the commission of the crime of battery, which disposes of both the first and second assignments of error.

It is next contended that the court erred in denying appellant a new trial, in that it is argued there is no evidence of the commission of the crime of battery, and that the evidence is insufficient to support the judgment.

It appears from the record that the judgment of conviction is supported by the clear and positive testimony of three disinterested witnesses, in addition to the testimony of Wicklund, the complaining witness. While the testimony of these witnesses is contradicted by the testimony of appellant and Cramer, it has been repeatedly held by this court that the credibility of witnesses, and the weight to be given their testimony, being solely for the jury, a verdict of conviction, where there is substantial and competent evidence to support it, will not be disturbed on appeal. (*State v. Murray*, 43 Ida. 762, 254 Pac. 518.)

Appellant further complains that the court erred in refusing to give requested instruction No. 1, which reads as follows:

"The jury are instructed that the gas tube, used by the defendant against the witness Wicklund, is not under the statutes of the State of Idaho, declared to be a deadly weapon, and shall not be so construed or understood by this jury."

Appellant was charged with the commission of simple battery, and not with an assault with a deadly weapon, and, therefore, the court did not err in refusing to give the requested instruction.

Judgment affirmed.

Budge, C. J., and Givens, Morgan and Wernette, JJ., concur.