25538. SALE *v.* THE STATE.

DECIDED JUNE 11, 1936.

*George H. Perry,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *Hooper & Hooper,* contra.

GUERRY, J. The defendant was convicted of violating that provision of Code of 1933, § 68-307, which provides that: "No person shall operate a motor vehicle or motorcycle upon any public street or highway, whether as owner or operator of such vehicle . . while under the influence of intoxicating liquors. . .. " The indictment charged specifically that the defendant did "on the 27th day of April . . unlawfully and with force and arms operate a motor vehicle, the same being an automobile upon the public highway of this State known as Arthur Street in the City of Shellman, Georgia, the said O. C. Sales then and there being under the influence of intoxicating liquors." C. V. Jones, a witness for the State testified in part as follows: "On the afternoon of April 27, the defendant drove up to Stewart's filling station and I saw him get a gallon of gas and cross the street and he drove west to Arthur Street and drove to the warehouse and then went into the wagon yard and went to the blacksmith shop and then I

told him to go home. He was staggering and I told him he was not in any condition to be out, and I did not want to do anything to him, and he drove back and stopped at the Chevrolet place and bought a gallon of gas, and drove into Stewart's place, and then drove east to Pearl Street and the next I saw of him he turned into Park Street and stopped again and got another gallon of gas and that ran his gas tank over, and then he drove on to Arthur Street." So much of the above testimony as indicated that the defendant had operated the automobile on streets other than Arthur Street was objected to by counsel for the defendant for the reason that under the allegations of the indictment the proof of the State's case should be confined to the operation of the automobile on Arthur Street. There is no merit in this objection. It is plain that the witness was merely relating the one transaction charged in the indictment. The main issue was whether the defendant was under the influence of intoxicating liquors. The evidence clearly disclosed his operation of the automobile on Arthur Street and the fact that the witness for the State related his operation of the automobile on another street in the same connection and at the same time, as a continuous series of acts, could not have been harmful to him. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*