(No. 6914. September 23, 1941.)

STATE, Respondent, v. WALTER BARR, Appellant.

(117 Pac. (2d) 282)

60

Anderson, Bowen & Anderson, for Appellant.

Bert H. Miller, Attorney General, and T. M. Robertson, Jr., Assistant Attorney General, for Respondent.

HOLDEN, J.—Walter Barr was charged, tried and convicted in the Jusice Court of Pocatello precinct, Bannock County, Idaho, of the crime of obtaining money under false pretenses and sentenced to imprisonment in the Bannock County jail for fifteen days and to pay a fine of $25.00 and costs. Upon appeal to the District Court for Bannock County he was again tried upon the same charge and convicted and sentenced to imprisonment for a period of fifteen days, from which latter conviction he appeals to this court.

Not all of the many alleged errors assigned are deemed sufficiently important to merit discussion. Therefore, only those considered necessary to a determination of the appeal will be considered and determined.

Appellant challenges the sufficiency of the complaint, contending it does not sufficiently charge the commission of the crime of obtaining money under false pretenses. The complaint charged the commission of a misdemeanor as follows:

"That Walter Barr of Pocatello on or about the 31st day of January, 1939, at Pocatello in the County of Bannock and State of Idaho, then and there being, did then and there commit the crime of obtaining money under false pretenses in the following manner, to-wit: Having theretofore on the 20th day of December, 1938, filed an initial claim for benefits under the Unemployment Compensation Law of the State of Idaho, and said benefits having been determined to be $288.66, did, on said 31st day of January, 1939, knowingly, intentionally, fraudulently, wilfully and unlawfully sign a claim for benefits for partial unemployment under the Unemployment Compensation Law of the State of Idaho for the week ending January 30, 1939, and did then and there knowingly, intentionally, fraudulently, wilfully and unlawfully certify that during said week he had had odd job earnings of $6.00, for the purpose and with the intent to defraud the State of Idaho by inducing the Unemployment Compensation Division of the Industrial Accident

Board of the State of Idaho to pay him benefits for partial unemployment during said week based on part-time earnings of $6.00; whereas the said defendant, in fact, earned wages in the sum of $18.00 during said week; that as a result of the false certification and because of the false representation made by the said defendant, the Unemployment Compensation Division of the Industrial Accident Board of the State of Idaho, believing said certification and representation to be true, did pay to the defendant in the County of Bannock the sum of $14.00 [amended in the district court by adding the following words: 'said money being the property of the Unemployment Compensation Fund of the State of Idaho'] as a benefit payment for partial unemployment during the week ending January 30, 1939, based upon part-time earnings of $6.00."

Whether the complaint, without the aid of the above quoted amendment, sufficiently charges the offense of obtaining money under false pretenses, depends upon whether it satisfies the requirements of Section 19-4001, I. C. A., which provides:

"All proceedings and actions before probate and justices' courts for a public offense of which such courts have jurisdiction must be commenced by complaint under oath, setting forth the offense charged with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer the complaint."

 Appellant argues, in effect, that the complaint must set forth the facts constituting the offense with all the particularity required of indictments and informations. Substantially the same contention was made in *State v. Griffith,* 55 Idaho 60, 57 P. 2d 402. In that case we held the provisions of Sections 19-1309, 19-1310 and 19-1311, I. C. A., were "not applicable to complaints filed in the probate and justices' courts charging the commission of misdemeanors."

 The requirements of the above-quoted section are that the complaint set forth the facts constituting the offense "with such particulars of time, place, person and property as to enable the defendant to understand dis-

tinctly the character of the offense complained of, and to answer the complaint." Is the complaint, then, sufficient when tested by these requirements?

An examination of the record discloses that prior to its amendment in the district court on appeal the complaint alleged, in substance: That appellant made and signed a claim for partial unemployment benefits January 31, 1939 (time); that he signed such claim on that date at Pocatello, Idaho (place); that the State of Idaho was defrauded by inducing the Unemployment Compensation Division of the Industrial Accident Board of the State of Idaho to pay the claim (person); and that the state was thereby defrauded of the sum of $14.00 (property). From which it follows the complaint satisfies each and every requirement of the applicable statute. Therefore, and as held in *State v. Griffith, supra,* a conviction under it could be pleaded as a bar to another charge for the same offense. (See also *State v. Johnson,* and cases there cited, 54 Idaho 431, 433, 32 P. 2d 1023).

The complaint being amply sufficient prior to amendment in the district court, its amendment in that court was unnecessary and immaterial. And further, the amendment having made no change in the nature of the charge against appellant, it was not necessary, after the amendment, to arraign or permit him to plead thereto, as he insists.

Section 19-2016, I. C. A., provides:

"Upon a trial for having ... obtained from any person any money, personal property or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense or some note or memorandum thereof be in writing, subscribed by or in the handwriting of the defendant, or unless the pretense be proven by the testimony of two witnesses, or that of one witness and corroborating circumstances...."

It will be seen a conviction may be had where either (1) the false pretense is expressed in writing subscribed by the defendant; or (2) proven by the testimony of two witnesses; or (3) proven by the testimony of one witness and corroborating circumstances.

Appellant contends his conviction is supported only by the evidence of a single witness and some allegedly immaterial testimony in regard to practice and custom in the Unemployment Compensation Division of the Industrial Accident Board of the State of Idaho, and is therefore insufficient under the provisions of the statute.

There is no merit in this contention. Appellant's conviction is supported and his guilt proven by uncontradicted documentary evidence (in addition to oral testimony), to-wit: A false claim for unemployment compensation made in writing and signed by appellant, as well as by a document designated "Continued Claim and Payment Order," also subscribed by appellant. His conviction is further supported by a state warrant drawn in favor of appellant for the sum of $14.00 (the precise amount charged to have been obtained by false pretenses) on the Treasurer of the State of Idaho by Calvin E. Wright, State Auditor, dated February 9, 1939, and later cashed by appellant.

It thus appears that the false pretenses in the case at bar were expressed in writing (not orally), to-wit, by appellant's claim for "benefits under the Idaho Unemployment Compensation Law for the week ending 1-30-39," made and subscribed by him January 31, 1939; and that brings this case squarely within the provision of Section 19-2016, supra, first above stated, to the effect that "the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, *unless* (italics ours) the pretense or some note or memorandum thereof be in writing, subscribed by or in the handwriting of the defendant," in that here the false pretenses were expressed in writing and subscribed by appellant. Furthermore, the conviction in this case is supported by the testimony of one witness, as appellant concedes, as well as by corroborating circumstances, to-wit, making and subscribing the "Continued Claim and Payment Order," and endorsing and cashing the Auditor's warrant, which meets the requirement of the statute that a defendant cannot be convicted unless the pretense be proven by the testimony of "one witness and corroborating circumstances."

In support of the contention his conviction must be reversed appellant cites *State v. Whitney,* 43 Idaho 745, 750, 254 P. 525, where Whitney was charged by information with having obtained the sum of $1000 (a felony) by alleged false and fraudulent pretenses. In the Whitney case this court held to constitute the offense of obtaining money under false pretenses, four things "must be proved: (1) there must be an intent to defraud; (2) there must be an actual fraud committed; (3) false pretenses must be used for the purpose of perpetrating the fraud; and (4) the fraud must be accomplished by means of the false pretenses made use of for the purpose, viz., they must be the cause which induced the owner to part with his property."

It will be conceded if there is a failure of proof in any one of these particulars, the judgment of conviction against appellant must be reversed. We, therefore, turn to the record.

The pertinent parts of the claim made and signed by appellant January 31, 1939, follow:

"I claim benefits under the Idaho Unemployment Compensation Law and declare that I am unemployed, able to work, available for work, and I hereby register for work. I have refused no job offered me nor have I failed to apply for any job of which I was notified by any Idaho State Employment Office and I have performed no work and earned no wages since I last registered, except as indicated below: [Below it is shown appellant earned $6.00 during the period he was claiming unemployment compensation.]

. . . . . . . . . .

"I hereby certify that during the week and on the date stated in column 23 below [1-30-39] on the line on which I have signed my name, I was unemployed; I earned no wages, either from others or from self-employment, as defined in the Idaho Unemployment Compensation Law; I received no wages in lieu of notice, except as shown below in Column 24 [which shows earnings of $6.00 for the period in question]; that during said week I was, and am now able to work, available for work, and

have not refused suitable work. I hereby register for work and renew my claim for benefits."

The material portion of the "Continued Claim" made by appellant is:

"I claim benefits under the Idaho Unemployment Compensation Law for the week ending 1-30-39. I am unemployed, able to work, and available for work, and I register for work. During that week I have refused no suitable work offered nor have I failed to apply for any suitable work of which I was notified by the Idaho State Employment Service, and I have performed no work and received no wages except as indicated below: I had odd job earnings of $6.00. Such earnings were received from Julius Oberg, Pocatello, Idaho.

. . . . . . . . . .

"I have been informed that I must report to a State Employment Service Office regularly every week in order to continue my registration for work and claim for benefits and that the law prescribes penalties for false statements for the purpose of securing benefits not otherwise due or of increasing the amount of benefits.

Date 1-31-39 (signed) WALTER BARR."

The pertinent parts of the above mentioned state warrant are:

Week ending Date Feb. 9 1939
1-30-39 Treasurer of the State of Idaho, Boise,
Paid 2-14-39 Idaho. Pay to the Order of Walter Barr,
[Perforated] 540 S. 10th, Pocatello, Idaho, $14.00
 STATE AUDITOR $14 & 00 Cts Dollars
 From any monies in the Unemployment
 Compensation Fund (Special Benefit Account) of the State Treasury not otherwise appropriated.

 (signed) CALVIN E. WRIGHT,
 State Auditor."

On the reverse side of the warrant appears the following:

"By endorsing this warrant I hereby certify that dur-

ing the compensable week specified on the face hereof, I had no employment and earned no wages except as reported on my continued claim for said week.

(signed) WALTER BARR."

In addition to this documentary evidence, the record discloses that Julius Oberg, appellant's employer, testified in substance, that during the week for which appellant claimed unemployment compensation and reported earnings of only $6.00, he was in fact employed by Oberg, earning the sum of $17.25.

It is also contended (1) "there was no proof whatever of an intent to defraud"; (2) "there is absolutely no proof whatever of an actual fraud committed," and (3) that "there is no evidence in any way indicating the ownership of this property or money."

These contentions lack merit in

(1) That appellant intended to defraud is shown by his claim for unemployment compensation (above quoted) to which he was not entitled, as established by the undisputed testimony of his employer, Julius Oberg.

(2) That an actual fraud was committed is proven by the payment of appellant's false claim by the above quoted warrant of the State Auditor dated February 9, 1939.

(3) That false pretenses were used to perpetrate the fraud was established by proving the making of the false claim.

(4) That the false pretenses were the cause which induced the owner (the State of Idaho) to part with its property ($14.00), was proven by the warrant of the State Auditor issued to appellant in payment of the precise amount of unemployment compensation falsely claimed by appellant and for the week ending 1-30-39, as likewise falsely claimed by him; and

(5) That the money so paid out was the property of the State of Idaho was proven by the warrant drawn upon the Treasurer of the State of Idaho by the State Auditor.

■ Furthermore, in *State v. Whitney, supra,* this court held

"The essence of the crime of obtaining money by

false pretenses lies in obtaining the money with intent to defraud. A false pretense has been defined to be a fraudulent representation of an existing or past fact by one who knows it not to be true, adapted to induce the person to whom it is made to part with something of value."

Here it is uncontradicted appellant made a fraudulent representation of a past fact, to-wit, that for the week ending January 30, 1939, he earned only the sum of $6.00. It is clear these false pretenses were not only adapted to but actually did induce the State of Idaho to part with something of value, to-wit, the sum of $14.00.

Finally, it is contended the State failed to prove venue, that is to say, that the alleged offense was committed in the County of Bannock. We held in *State v. Johnston,* 61 Idaho 87, 113 P. 2d 809, 811, that "Venue and corpus delicti, like other facts, may be established by direct testimony, by circumstantial evidence, or by both.", citing in support of that holding *State v. Brassfield,* 40 Idaho 203, 232 P. 1; *State v. McLennan,* 40 Idaho 286, 231 P. 718; *State v. McClurg,* 50 Idaho 762, 300 P. 898; *State v. Vanek,* 59 Idaho 513, 84 P. 2d 567; 23 C. J. S. 172.

In the Johnston case it appeared "Olsen was last seen alive in Twin Falls County. His dead body was discovered in Twin Falls County and there is no evidence tending to show he was absent therefrom between the time he was last seen alive therein and the time his corpse was found." In the case at bar it appears appellant made the false claim for unemployment compensation at the Pocatello office of the Unemployment Compensation Division of the Industrial Accident Board of the State of Idaho; that on the face of such claim he stated his address to be "540 South 10th" and the address of his employer, Julius Oberg, to be "253 N. Johnson, Pocatello"; that on the face of his "Continued Claim" for benefits, also made at the Pocatello office, appellant stated his address and that of his employer to be "Pocatello, Idaho"; that the warrant given in payment of the claim for unemployment compensation is made payable to "Walter Barr, 540 S. 10th, Pocatello, Idaho."

Inasmuch as this court will take judicial notice that Pocatello is located in Bannock County, State of Idaho (*Shaw v. Martin,* 20 Idaho 168, 176, 117 P. 853), the above stated facts and circumstances are deemed sufficient to establish that the offense was committed in Bannock County.

It follows from what has been said the judgment of conviction must be affirmed, and it is so ordered.

BUDGE, C.J., and GIVENS, MORGAN and AILSHIE, JJ., concur.