# DICKEY v. STATE.

No. A-11760. May 6, 1953.

(257 P. 2d 319.)

Hugh J. Adams, Guthrie, Leon J. York, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Wallace Smith Dickey, Jr., was charged by an information filed in the county court of Logan county with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor; was tried, found guilty by verdict of the jury, who left the punishment to be fixed by the court. Thereafter, the defendant was sentenced to serve 15 days in the county jail and pay a fine of $100 and has appealed.

The following assignments of error are presented. First, the information was insufficient to charge the offense of driving a motor vehicle on a highway while under the influence of intoxicating liquor. Second, it was error to admit the testimony of the witness Dinwiddie because it was too remote. Third, the evidence was insufficient to sustain the judgment. Fourth, the court erred in giving an instruction on circumstantial evidence. Fifth, the punishment was excessive.

It is unnecessary for us to give an extensive review of the evidence. It is sufficient to state that there was a sharp conflict in the evidence but there was ample competent evidence to sustain the conviction and the jury's verdict on such conflicting evidence will be sustained. We shall only relate enough of the evidence to understand the issues presented in connection with the various assignments of error.

The charging part of the information reads:

"* * * at and within the county of Logan, State of Oklahoma, on or about the 23rd day of June, A. D. 1951 the said Wallace Smith Dickey, Jr. did then and there wilfully, unlawfully, and wrongfully drive, operate and propel a certain motor vehicle, to-wit: One 1948 Chrysler bearing 1951 Oklahoma License No. 20-B879, at a point approximately the south edge of the city limits, on U. S. Highway No. 77, of the city of Guthrie, Logan County, Oklahoma, while he, the

said Wallace Smith Dickey, Jr., was under the influence of intoxicating liquor, * * *."

At the time the defendant was arraigned on this charge, he entered a plea of not guilty. No attack was made on the information at the time of such arraignment. On the day of trial, without asking or receiving permission from the court, the defendant filed a demurrer to the information. Under such a state of the record this court will only consider whether the information is so fundamentally defective that it wholly fails to state an offense so as to give the trial court jurisdiction to try and sentence the accused.

It is the contention of the defendant that the information alleging defendant did drive, operate and propel an automobile "at a point" does not charge the defendant with the operation of a motor vehicle along and upon the public highways of the State of Oklahoma. The statute under which the prosecution was instituted provides:

"It shall be unlawful for any person who is under the influence of intoxicating liquor * * * to operate or drive a motor vehicle on any thoroughfare, highway, * * *." 47 O.S. 1951 § 93.

It is apparently the theory of the defendant that the allegation that defendant drove an automobile at a point on the highway did not allege a movement of the vehicle on the highway. We think improvement could have been made in the information by alleging the accused drove the automobile on the highway from a point unknown to the point where he was arrested by the officers. However, the charge that defendant did "drive and propel an automobile at a point on U. S. Highway No. 77 near the south edge of the city limits of Guthrie" certainly would indicate a movement of the automobile as the words drive and propel in the ordinary sense in which the words are understood by the public would certainly signify a movement of the vehicle. Webster's dictionary defines propel, "to push ahead; to drive onward," and the word drive means "to push or urge forward; to urge on and direct the motions or course of."

In the recent case of Hanlan v. State, 96 Okla. Cr. 331, 254 P. 2d 373, this court held that the word "at" in an information charging the accused with driving an automobile at an intersection of certain streets while under the influence of intoxicating liquor was equivalent to "in or "on" and the information was found to be sufficient as against a demurrer.

It is our conclusion that the information, while not a model, was sufficient to charge that the accused moved the automobile on the highway. It would make no difference the direction of the movement whether along or across the highway or the distance the vehicle was moved.

The second assignment of error is directed at the admission in evidence of the testimony of the witness Dinwiddie. This witness testified that he and his wife left Guthrie about 5:00 o'clock, the morning of June 23, 1951, to make a trip to Texas and that on Highway No. 77, a few miles south of Guthrie, he approached a tan Chrysler automobile and passed it. A short distance further on, the Chrysler passed Dinwiddie and the testimony given by Dinwiddie would indicate that the operator of the automobile was driving in a reckless manner. He was unable to identfy the driver of the automobile but obtained the license number and when the witness returned from his trip to Texas, he made a report of the incident to the county attorney, and the description of the automobile and the license number fit the defendant's automobile in which he was riding at the time he was arrested, approximately 2½ hours after the incidents related by Dinwiddie. It is contended that this evidence was too remote to the occurrences concerning which the other witnesses for the state testified, which formed

the basis for the prosecution. The highway patrolman who caused the arrest of the accused testified that he saw the accused parked in his automobile along the highway east of Edmond about 8:15 a.m. and that he observed him and his actions in driving his automobile for quite some distance and telephoned ahead to have the accused arrested at Guthrie, which was done. The defendant was driving his automobile at the time of the arrest and there were two partially filled pint bottles of whiskey found in his automobile. The defendant, testifying as a witness in his own behalf, testified the he had taken Mr. and Mrs. J. E. Huckaby to Oklahoma City from Stillwater, that they left Stillwater about 4:15 or 4:30 and were in Guthrie about 5:00 a.m. The defendant specifically denied that he had been drinking and testified that the partially filled bottles of whiskey were placed in the car by Mr. Huckaby without his knowledge or consent. He related that he had taken the Huckabys to Oklahoma City in order to get a small daughter of the Huckabys who had been staying with relatives in Oklahoma City. He admitted that he had had one drink of whiskey while in Oklahoma City, but denied that it had any intoxicating effect on him. The defendant testified that he was permanently crippled, a victim of osteomyelitis, which he testified was a bone disease which destroyed the marrow of the bone, that he had no hip bone and had had over 25 operations in an unsuccessful attempt to cure the ailment. That just prior to the trip which he made to Oklahoma City, he had been suffering with extreme pain and had been unable to sleep for several nights and that this explained the haggard appearance attributed to him by the arresting officers. Based on the issues thus made, the defendant claims that the Dinwiddie testimony was too remote and prejudicial and should not have been admitted.

We do not feel that the Dinwiddie testimony was too remote in point of time to be admissible. The defendant's evidence sought to show his condition as to being sober the entire evening preceding the trip to Oklahoma City and defendant's wife testified that he was absolutely sober when he left Stillwater about 4:00 a.m. Other witnesses testified to his physical condition during this intervening period and that he was sober. We feel that the Dinwiddie testimony was a circumstance for the jury to consider in connection with all the other evidence of the case as bearing upon the physical condition of the accused at the time of his arrest. The description of the defendant by the officers showed that at the time of his arrest he was unshaven, his eyes were bloodshot, and his whole condition as related by the officers would indicate that he had been intoxicated for some time. The testimony of the officers further showed that the defendant, when placed in jail, went into a deep slumber from which they were unable to awaken him. We have heretofore related the explanation which the defendant gave for his appearance, but the Dinwiddie testimony and the testimony of the police officers were all so related as to show in support of the state's case that the defendant was acting unusually, not only on his return trip from Oklahoma City, but on his way to Oklahoma City.

We feel that the admissibility of this evidence, like so many other questions that arise in connection with the admissibility of evidence, must rest largely in the discretion of the trial court and, unless an abuse of such discretion appears, the trial court's ruling will be sustained.

It is contended that the court erred in giving an instruction on circumstantial evidence, because all of the evidence was direct and positive. We agree that the court should not have given an instruction on circumstantial evidence because there was direct and positive testimony showing defendant was driving on the highway while intoxicated, although the testimony of the witness Dinwiddie constituted circumstantial evidence. However, it is the rule that unless all of the evidence of the state is circumstantial, the court is not required to give an in-

32

struction on circumstantial evidence. Lincoln v. State, 86 Okla. Cr. 415, 193 P. 2d 618; Moore v. State, 82 Okla. Cr. 317, 169 P. 2d 575.

However, the giving of this instruction, though unnecessary, was not prejudicial to the accused. In fact, it was favorable to him because it cast a greater burden of proof upon the state than was necessary. Under such circumstances, the giving of the instruction was error but it was favorable error, and not one about which the accused may complain.

The jury found the defendant guilty and left the punishment to be fixed by the court. The evidence was conflicting. Many witnesses testified for the accused, among them a large number of substantial citizens from his home county testified to his good reputation. His counsel has called our attention to the fact that the defendant has left the State of Oklahoma and has moved with his family to another state, where he is now living. The defendant has lost his position as county judge, and the resultant embarrassment and humiliation has caused him to move from the county of his residence, where he had lived all of his life. Under the circumstances, considering that no traffic accident occurred, the strength of the defendant's case and with due regard for the penalty already paid by the accused, we feel that the ends of justice will be met by a modification of the sentence.

It is therefore ordered that the judgment and sentence of the county court of Logan county be and the same is hereby modified from a sentence of 15 days in the county jail and a fine of $100 to a fine of $100, and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.