359 P.2d 514

STATE of Idaho, Plaintiff-Appellant,

v.

Meredith L. HENRY, Defendant-Respondent.

No. 8885.

Supreme Court of Idaho.

Feb. 15, 1961.

Frank L. Benson, Atty. Gen., Wm. J. Brauner, Pros. Atty. of Canyon County, Wayne P. Fuller, Deputy Pros. Atty. of Canyon County, Caldwell, for appellant.

Edward J. Aschenbrener, Nampa, for respondent.

McQUADE, Justice.

Respondent Meredith L. Henry was charged in the police court of the City of Nampa, a city of the first class, with the violation of the State reckless driving statute. Henry denied the charge, but upon trial he was found guilty by the police judge.

The respondent took an appeal from that judgment to the district court of Canyon County. Thereafter, and before trial, the respondent filed a general demurrer urging that the complaint did not state an offense, and also demurred specially, that the complaint did not allege the particulars as to time, place, person, and property. The demurrer was sustained on both grounds and the action was dismissed. The prosecuting attorney then moved for permission to amend the complaint, which motion was denied by the court. It is from the judgment of dismissal and the refusal of the

court to permit an amendment that this appeal is taken.

■ Appeals from police courts of cities of the first class are reviewable in the district court in the same manner as provided for appeals from justice courts. I.C. § 19–3940 provides:

"When an appeal is taken the judge or justice must immediately transmit to the clerk of the district court of the county, the complaint, notice of appeal, the depositions of any witnesses examined conditionally as provided in the last section, and any recognizance entered into by the defendant or any witness."

I.C. § 19–3942 requires the action to be tried anew in the district court. Trial de novo procedure in the district court has been discussed fully in State v. Stafford, 26 Idaho 381, 143 P. 528, 530. In that case this Court said:

"A criminal case appealed from a justice's or probate court, after the appeal, stands the same in the district court as though it had been begun there. It is there for a new trial on every point and question that was raised or might have been raised in the justice's or probate court. The name given by the statute to the paper charging the crime and filed in the justice's or probate court is 'complaint,' and cases involving indictable misdemeanors and felonies are prosecuted in the district court on a paper called an 'indictment' or 'information.' The paper called a 'complaint' in the justice's court serves the same purpose as the paper called an 'information' in the district court, and those two words are often used synonymously and mean the same thing. An information or a complaint is a paper charging a defendant with a particular offense, and it matters not whether it is called an information or a complaint. The object and purpose in giving the state the right to appeal is the same whether the case has been first tried by a justice's or probate court on a complaint, or whether an indictable misdemeanor or felony is tried in the district court; and, the appeal from the probate court or justice's court having been properly perfected and the papers filed in the district court, those statutes which provide the procedure in criminal cases in the district court apply to such appeals as well as to those criminal cases which the district court has original jurisdiction to try and determine."

See also State v. Powaukee, 78 Idaho 257, 300 P.2d 488, wherein a new offense was

sought to be charged on appeal to the district court.

The complaint is the basis for the proceeding de novo in the district court. On appeal in such cases, there may be raised in the district court any question which could have been raised had the action been commenced in that court; therefore, the court had authority to determine the issues raised by demurrer. State v. Stafford, supra. See also State v. Barr, 63 Idaho 59, 117 P.2d 282.

The complaint filed in the justice court charging the respondent with reckless driving is in the language of the statute, to wit, I.C. § 49–1103. There was nothing in the complaint to indicate what acts of the respondent constituted alleged reckless driving. In view of this deficiency, the order of the trial court in sustaining the special demurrer was correct. I.C. § 19–1703. See State v. Griffith, 55 Idaho 60, 37 P.2d 402, where the elements of the offense were set forth in the complaint.

Respondent in his brief urges that the pleading requirements of I.C. §§ 19–1409, 19–1410, and 19–1411 are in conflict with the standard of pleading of I.C. § 19–3901. The first three apply to indictments and informations before the district court, whereas the last statute is applicable to criminal complaints in probate courts, justice of the peace, and police courts. The language of the statutes, although not identical, has the same substantive requirements. A conviction of an offense pleaded with the particularity required by I.C. § 19–3901 could be pleaded as a bar to another charge for the same offense. See State v. Griffith, supra.

Appellant urges that it should have been permitted to amend its complaint. I.C. § 19–1707 provides that if a demurrer is allowed the judgment is final unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment (or complaint) directs that the cause be resubmitted. In this case, the State had not pleaded the manner in which the defendant operated his motor vehicle relied upon to constitute an offense under the reckless driving statute. There is nothing in the record to show that the prosecuting attorney could not have amended his complaint sufficiently to satisfy the requirement of particularity. The trial court should have permitted amendment of the complaint. Where the statute is in such terms as to require acts to be pleaded, they must be set forth in the complaint.

There was no showing on behalf of the respondent that he would suffer prejudice to his substantial rights, within the meaning of I.C. § 19–1420. The motion of the

prosecuting attorney to amend the complaint should have been granted by the trial judge.

Respondent in his brief questions the constitutionality of sec. 49–1103, the reckless driving statute, on the ground of uncertainty. The applicable portion of the statute is as follows:

"(a) Reckless driving.—Any person who drives any vehicle upon a highway carelessly and heedlessly, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, or who passes when there is a line in his lane indicating a sight distance restriction, shall be guilty of reckless driving and upon conviction shall be punished as provided in subsection (b) of this section. * * *"

The statute defines reckless driving, in that it sets forth in general terms the necessary elements of the offense. See State v. Aims, 80 Idaho 146, 326 P.2d 998; State v. Pigge, 79 Idaho 529, 322 P.2d 703. The statute is not unconstitutional in this respect.

The judgment is reversed, and the cause is remanded for proceedings in conformance with the views expressed herein.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.