428 P.2d 43

STATE of Idaho, Plaintiff-Respondent,

v.

Michael T. PRUETT, Defendant-Appellant.

No. 9846.

Supreme Court of Idaho.

May 29, 1967.

John Hjellum, II, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and John S. Simko, Asst. Atty. Gen., Boise, for respondent.

SPEAR, Justice.

Michael T. Pruett, defendant, appeals to the supreme court following his conviction for reckless driving after a jury trial in the district court for Ada County. On September 24, 1965, Pruett left Mountain Home at between 9:35 and 9:40 p.m. allegedly traveling at speeds up to 105 m.p.h., before finally stopped at a roadblock set up by the state police at Gowen Field Road and Highway 30, east of Boise, a distance of 34 miles, at about 10:00 p.m.

Pruett was charged by criminal complaint in the justice court for Ada County with the crime of reckless driving. The criminal complaint specifically limited the place of the crime "upon and along Highway 30, between 5 miles east of Boise and Gowen Field Road" in Ada County, Idaho. Convicted in justice court, Pruett appealed to

the district court, where following a trial de novo, Pruett was again convicted as charged. Pruett received a sentence of 15 days in the county jail and was ordered to pay a fine of $200.00 together with $264.00 court costs. From that judgment of conviction Pruett has perfected this appeal to the supreme court.

On September 24, 1965 appellant Pruett and Charles Mitchell, both insurance salesmen who as part of their job travel extensively throughout the state, were in Twin Falls on a business trip. They left Twin Falls early in the evening to return to Boise traveling in Mitchell's car, a recently acquired Buick Riviera. Mitchell drove the distance to Mountain Home where they stopped at about 9:00 p.m. for dinner.

Appellant and Mitchell left Mountain Home between 9:35 and 9:40 with appellant now behind the wheel. Officer Nelson Olds of the Mountain Home police force was driving behind appellant and soon gave chase when he saw the appellant speeding. The chase started at the corner of Jackson and North 2nd Street East in the City of Mountain Home as appellant made a left-hand turn on 2nd East headed out Highway 30 toward Boise. Olds testified that the patrol car he was driving that night could reach a speed of only 95 m.p.h. and at that speed he was unable to overtake the Buick automobile driven by appellant. Both appellant and Mitchell testified they were unaware of the pursuit by Officer Olds.

Olds, realizing he could not overtake the Buick, radioed for assistance and was told to stay in pursuit and that a roadblock was being set up. The officer, traveling at approximately 95 m.p.h., traveled the 34 miles to the roadblock, arriving at the Gowen Field Road some 3 minutes after appellant.

Approximately 1.6 miles from Gowen Field Road, Interstate 80 ends and the highway becomes a two-lane road, Highway 30. Appellant admits to traveling along this stretch of road at 60 to 70 m.p.h. in a posted 55 m.p.h. zone for night driving.

Highway 30 in this area is only twenty-two feet in width. The roadbed is old and the highway surface is damaged by rough spots. Erosion has left the road's edge jagged and unsafe if a car were to "ride" the edge and shoulder of the road at high speed. Access roads from two or three buildings intersect the highway. On either side is open range for cattle and warnings are posted to watch for stock. The road is not fenced and cattle have been known to wander out onto the highway.

Officers Charles W. Sterling and Homer R. Garrett of the Idaho State Police set up the roadblock. Officer Sterling was parked off the highway at a point near the end of Interstate 80 in the "30 East scale pit." Officer Garrett was posted at the intersection of Gowen Field Road and Highway 30, 1.6 miles distant, and had parked his patrol car across the eastbound lane of Highway 30.

Sterling estimated the speed of the Buick at between 85 and 90 m.p.h. and accelerating as the appellant passed him. The car, by the officer's account, was not swerving or otherwise traveling erratically. The officer pulled onto the highway and gave chase, reaching 105 m.p.h., and turning on his car's siren and red light. Neither Mitchell nor appellant admit seeing or hearing the officer's car as it gave pursuit. Sterling lost sight of Mitchell's car as it was going over a slight dip in the road about .4 of a mile from Gowen Field Road. When Garrett first saw the car as it came up over the rise in the road, he estimated its speed at 70 m.p.h. The officer testified that the car was not swerving and remained in its proper lane, and that appellant was able to stop, without "laying rubber" or skidding, behind a truck which had slowed down in the westbound lane at the roadblock.

Mitchell, who for a good part of the trip dozed off, felt that appellant was traveling at a "comfortable speed"; and additionally testified that he knew appellant to be a good driver, having traveled with him some 80,-000 miles over the preceding year on vari-

ous business trips. His car, Mitchell stated, was of heavy construction and handled safely at speeds higher than that for smaller cars.

The prosecution to support its case against appellant called Robert Dale Bissell, a recent high school graduate, Jim Paige, a college student and a passenger in the car driven by Bissell, and Darrell E. Hansen, a professional driver for the Western Greyhound Line. Appellant passed the car driven by Bissell and the bus driven by Hansen on Interstate 80 coming into Boise in the area of Black's Creek overpass. Each variously estimated the speed of the Buick driven by appellant as excessive; and the estimations on speed ranged from 85 up to 105 m.p.h. All testified that appellant signalled when passing and that the car was not swerving.

Appellant first maintains that the record does not support the verdict on the ground that the prosecution failed to present substantial and reliable evidence to support the charge actually brought in the complaint, being, to-wit: reckless driving upon and along Highway 30 between five miles east of Boise and Gowen Field Road. The contention advanced in support of this assignment is that the proof submitted at trial establishes merely, at the time and *place* charged in the complaint, appellant was driving at a speed in excess of the posted limit. Appellant specifically points out the evidence conclusively shows that he was not swerving, or otherwise driving erratically, but in fact at all times kept in his proper lane of traffic. Appellant's position is that speed alone is not sufficient for a conviction of reckless driving.

■ Our review of the record compels us, however, to conclude that there was substantial and competent evidence before the jury to support the charge of reckless driving alleged in the complaint and the subsequent conviction for that offense in the dis-

trict court.[1] The crime of reckless driving must necessarily depend upon the attendant cirumstances of the particular case; and whether conduct complained of constitutes a violation of the prohibition against reckless driving is therefore primarily a question for the trier of fact. The general rule is enunciated in 52 A.L.R.2d 1337, § 32, p. 1370, and numerous cases are there set out in which convictions for reckless driving were upheld.

■ One may, as appellant suggests, be guilty of speeding and yet not reckless driving; however, speed can never be isolated, "in itself and alone." The court in People v. Nowell, 45 Cal.App.2d Supp. 811, 114 P. 2d 81 (1941), forcefully made that point when it stated at page 82:

"Of necessity, when referring to the speed of an automobile, there is involved the highway on which it travels, with its width, surface and the presence or lack of traffic upon it. There is involved, too, the factor of visibility; was the car driven before or after dark? When considered in relation to these matters, mere speed, without other acts, may demonstrate wilful misconduct or that the driving is reckless."

Norfolk v. State, 360 P.2d 605 (Wyo. 1961). See generally, Anno. 52 A.L.R.2d 1337, §§ 17–18, pp. 1361–1363.

■ Appellant's conviction for reckless driving on Highway 30 between 5 miles east of Boise and Gowen Field Road is supported by the record: (1) Officer Sterling testified that appellant drove at 85 to 90 m. p. h. *and was accelerating*; (2) Officer Garrett estimated the speed at which appellant was driving at 70 m. p. h. as the car approached the roadblock; (3) the highway in this area was a two-lane road, only twenty-two feet in width, had rough spots on the surface and chunks of pavement had broken off along the edge of the road; (4) the area on either side of the road was

1. The Idaho statute defining the offense of reckless driving prohibits any person from driving a vehicle upon a highway "carelessly and heedlessly, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property * * *." I.C. § 49–1103(a).

open range for cattle, was not fenced, and cattle at different times were known to wander onto the highway; (5) two or three buildings, each having an access road to the highway, were located within this area; and (6) the car was being driven after dark.

Presented with such evidence, we cannot say that the jury was not warranted in finding the appellant guilty of reckless driving under our statute which prohibits traveling at a speed or in a manner to endanger or likely to endanger persons or property. The credibility of witnesses and the weight given their testimony was for the jury exclusively; and where there is competent, substantial, though conflicting, evidence to sustain a verdict, this court cannot reweigh that evidence or disturb the verdict. State v. Booton, 85 Idaho 51, 375 P.2d 536; State v. Snowden, 79 Idaho 266, 313 P.2d 706; State v. McKenna, 78 Idaho 647, 309 P.2d 206; State v. Weise, 75 Idaho 404, 273 P.2d 97; State v. Johnson, 74 Idaho 269, 261 P.2d 638; State v. Cofer, 73 Idaho 181, 249 P.2d 197.

Appellant in connection with his first assignment additionally alleges that the district court committed error in overruling objections to the testimony of Robert Dale Bissell and Nelson Olds as to the operation of the car driven by appellant on the ground that their testimony was outside the scope of the complaint. Principally, we gather, appellant is contending that such evidence was improperly admitted since it concerned operation of the car on an interstate highway prior to the locale charged in the complaint and was too remote to be relevant. Objection was made on this single ground in the trial court.

■■ However, appellant seemingly now takes the further position that under the allegations of the complaint, the prosecution's evidence should necessarily have been confined to the operation of the automobile within the geographic limits described in the complaint. This latter reasoning is wholly without merit and the question raised is properly only that of the relevancy of the evidence to which objection is made. Sale

v. State, 53 Ga.App. 489, 186 S.E. 198 (1936); Dickey v. State, 97 Okl.Cr. 28, 257 P.2d 319 (1953) (by implication). Furthermore, since at trial objection was made to the relevancy of the evidence only, error on this latter ground could not, at any event, be raised on appeal. See State v. Weise, 75 Idaho 404, 273 P.2d 97. Cf. State v. Bassett, 86 Idaho 277, 385 P.2d 246. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965); People v. Rosoto, 58 Cal.2d 304, 373 P.2d 867 (1962).

■ Of necessity the trial judge must be permitted a wide discretion with respect to the admission of evidence considered relevant to the proof of a case tried before him; nonetheless any such determination is, of course, subject to review by the appellate court. However, in the instant case, examination of the record made at trial clearly shows that appellant has no standing to now complain of the admission of the testimony by Robert Dale Bissell and Nelson Olds. Our ruling herein makes unnecessary a determination by this court whether such evidence was in fact relevant and consequently properly admitted.

■ Appellant failed to object at trial, and does not on appeal object to the testimony of Jim Paige and Darrell Hansen which also was outside the scope of the charge of reckless driving on the stretch of road between the end of Interstate 80 and Gowen Field Road. Furthermore, on cross-examination, appellant answered without objection by counsel on this ground, questions with respect to his driving on Interstate 80 and substantially confirmed the testimony of other witnesses on this point. Error, if any, in admitting the testimony of Robert Dale Bissell and Nelson Olds was waived and rendered harmless by appellant's failure to object when evidence covering the same subject matter was subsequently introduced and by appellant's latter corroboration, again without objection to such testimony. State v. Johnston, 62 Idaho 601, 113 P.2d 809; State v. Reding, 52 Idaho 260, 13 P.2d 253; State

v. Smailes, 51 Idaho 321, 5 P.2d 540; State v. Wilson, 51 Idaho 659, 9 P.2d 497; State v. Black, 36 Idaho 27, 208 P. 851. Cf. State v. Storms, 84 Idaho 372, 372 P.2d 748; State v. McKenna, 78 Idaho 647, 309 P.2d 206; State v. Baldwin, 69 Idaho 459, 208 P.2d 161; State v. Davis, 57 Idaho 413, 65 P.2d 1385. See Peisner v. State, 236 Md. 137, 202 A.2d 585 (1964); People v. Frenchwood, 28 Ill.2d 139, 190 N.E.2d 767 (1963); Jackson v. State, 365 S.W.2d 935 (Tex.Cr. App.1963).

 Secondly, appellant claims that the court erred in denying his motion to arrest judgment on the ground the criminal complaint did not state facts sufficient to constitute a public offense. On this point, appellant contends that the charging part of the complaint discloses only a charge of reckless driving in the language of the statute, without indicating which acts constituted the offense. This contention is without merit for two reasons. First, since this proceeding is a trial de novo in the district court on appeal from a justice of the peace court, trial is had upon the complaint filed in the justice court. The sufficiency of such a complaint is tested by the requirements of I.C. § 19–3901 and are not subject to the requirements applicable to information or indictments as set forth in I.C. §§ 19–1409–1411. State v. Griffith, 55 Idaho 60, 37 P.2d 402. I.C. § 19–3901 provides as follows:

"All proceedings and actions before probate and justices' courts for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

After quoting this statute the court in the Griffith case held:

"It will be observed that the complaint charged every element of the offense of battery, with the particulars of time, place and person (no property is in-

volved). Therefore, a conviction under it could be pleaded as a bar to another charge for the same offense. * * *

"We conclude that the complaint, tested by the requirements of that section, sufficiently charged the commission of the crime of battery, which disposes of both the first and second assignments of error."

 The reasoning of the Griffith case is applicable here. The charging part of the complaint at hand is as follows:

"That the said defendant, Michael T. Pruett, on or about the 24 day of September, 1965, at Boise, Ada County, Idaho then and there being, did then and there wilfully, knowingly, intentionally, unlawfully, carelessly and heedlessly, and without due caution and circumspection, and at a speed and in a manner so as to endanger persons and property, operate, manage and drive a certain motor vehicle, to-wit: a 1964 [sic 1963] Buick automobile, upon and along Highway 30 between 5 miles east of Boise and Gowen Field Road, in said County and State."

This complaint meets the test of the statute equally as effectively as did the complaint in State v. Griffith, supra.

 Additionally, the record discloses that appellant was represented by competent and reputable counsel in the trial de novo before the district court, and the manner in which the defense was conducted shows, without doubt, appellant and his counsel were fully and completely apprised of the facts upon which the charges in the complaint were based. Thus the basic requirement of even an indictment or information have been fulfilled in the case at hand, for the complaint (1) gave the appellant sufficient information to prepare his defense, and (2) conviction thereof will certainly serve as a bar to any possible second prosecution for the same offense. State v. McGlochlin, 85 Idaho 459, 381 P.2d 435.

 Secondly, the procedure governing a trial de novo in district court following appeal from a judgment of the jus-

tice court is the same as when a case is tried by indictment originally in the district court. State v. Henry, 83 Idaho 167, 359 P.2d 514; State v. Stafford, 26 Idaho 381, 143 . P. 528. Procedural rules applicable in district court clearly distinguish the objection an indictment (complaint) does not state facts sufficient to constitute a public offense from the objection an indictment (complaint) does not fully apprise the defendant of the particular conduct which constituted the offense for which he was charged. This latter objection must be raised by demurrer *before trial* or it is waived. The objection cannot be raised by motion in arrest of judgment after trial as was attempted in the case at bar under the guise of an objection that the complaint did not state a public offense. I.C. §§ 19–1711, 19–1703, 19–1409–1411. The complaint adequately states a public offense; objection, therefore, must have been taken by demurrer. It was not so raised in the trial court. State v. Arnold, 39 Idaho 589, 229 P. 748. See Watson v. State, 375 P.2d 352 (Okl.Cr.1962).

▮ Appellant, having failed to demur to the complaint in district court, cannot now therefore raise on appeal the objection the complaint did not fully state the manner of driving which constituted the offense of reckless driving with which he was charged. The requirement the objection be made by demurrer is eminently fair because it permits amendment by the prosecution where prejudice would not thereby result.

Appellant cites State v. Henry, 83 Idaho 167, 359 P.2d 514, as being at variance with the holding herein. However, in that opinion the court distinguished State v. Griffith, supra, in the following language:

"See State v. Griffith, 55 Idaho 60, 37 P.2d 402, where the elements of the offense were set forth in the complaint."

As previously indicated herein, the complaint in the matter at hand met all the requirements set forth in State v. Griffith, supra, and is therefore sufficient under the statutory requirements.

▮ Appellant, thirdly, contends the court erred in instructing the jury that the crime of violating the basic speed rule is an included offense of reckless driving. This assignment is clearly without merit. Violation of the basic speed rule, defined in I.C. § 49–701, is an included offense since the essential elements thereof are charged in the complaint as the manner or means by which the offense of reckless driving is committed. State v. Hall, 86 Idaho 63, 383 P.2d 602; State v. Anderson, 82 Idaho 293, 352 P.2d 972.[2]

▮ Appellant also contends the provision in the statute (I.C. § 49–1103(b) requiring the department of law enforcement to suspend the license of any person convicted of reckless driving increased the penalty for such offense beyond the jurisdiction of the justice court. This court in State v. Parker, 81 Idaho 51, 336 P.2d 318, held that the revocation of a driver's license is not a part of the *penalty* provided for violation of our statute prohibiting driving while intoxicated such that the jurisdiction of the justice court was exceeded. The conclusion therein that the deprivation of a driving right or privilege is for the protection of the public and not for the punishment of the individual is equally applicable here; and the justice court correctly assumed jurisdiction in this case.

▮ Lastly, appellant in oral presentation before the court argued that the district court is without authority to assess court costs in this case. We assume appellant additionally is also claiming that the net result of the assessment of such costs was again to increase the penalty for the offense such that properly the justice court

2. This court has not followed the strict rule that an included offense is one that is necessarily included in the statutory definition of a higher crime; but in effect has

held that an offense is an included offense if it is alleged in the information (complaint) as a means or element of the commission of the higher offense.

**544**

was without jurisdiction. Neither was specifically assigned as error. Moreover, appellant failed to cite any authorities or present such arguments in his brief. For this reason, such contentions will not be considered by this court on appeal. State v. Weise, 75 Idaho 404, 273 P.2d 97; State v. Scrivner, 66 Idaho 498, 162 P.2d 897; State v. Sedam, 62 Idaho 26, 107 P.2d 1065.

Each of appellant's assignments of error have been carefully considered. Finding no reversible error, the judgment of conviction is affirmed.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.