600 P.2d 140

STATE of Idaho, Plaintiff-Respondent,

v.

Daniel GREENE, Defendant-Appellant.

No. 12539.

Supreme Court of Idaho.

Sept. 24, 1979.

William J. Tway of Tway & Tway, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

Subsequent to a surveillance, a search warrant was obtained and a search for illegal drugs was conducted on the premises where defendant-appellant Greene, Pam McCartan and Carol Delany resided. The officers seized drugs later identified as marijuana and heroin along with drug-related

paraphernalia. When Greene was arrested and asked to sign a form listing the items seized, Greene refused, volunteering that "he knew about the marijuana, but he didn't know anything about the heroin." A complaint was filed charging the three with two violations of I.C. § 37–2732, possession of a controlled substance. By Count I, possession of more than 3 ounces of marijuana was charged. By Count II possession of heroin was charged. McCartan and Delany were each bonded out for $1,000. McCartan did not appear thereafter. Greene and Delany both pleaded not guilty and were tried in district court. Neither defendant testified.

Physical evidence adduced at trial tending to incriminate Greene was: papers or bills containing Greene's name and listing as his address the premises searched, a photograph of Greene and Delany taken on the premises; three spoons and cotton of a type commonly used by heroin addicts, hidden in the bathroom; a bag of marijuana found hidden in the kitchen; a bag of lactose similar to that used as a dilutant with heroin plus sifters and two funnels found in the pantry. Found in the back bedroom were: a purse containing a pharmaceutical bottle with the name of Pam McCartan plus a bill or agreement in her name giving the premises searched as her address; a bag of marijuana; a cup containing marijuana leaf material and seeds; a whiskey bottle modified as a smoking device and a cigarette rolling device. Outside the building, the officer found a glass jar containing 26 heroin-filled balloons, concealed under a burlap sack covering a hole in the foundation.

The testimony of officer Bottger, which the jury was at liberty to believe, together with the inferences to be drawn therefrom, was that on approaching the premises from the back, Greene was about 30–45 feet away "stooping over an opening of the foundation of the residence" with his arms outstretched and his hands approximately 6–8 inches from the burlap where the heroin was subsequently discovered and seized; this opening was about four feet from the back stairs and when asked to sign the itemized list, Greene refused and made the incriminating statement referred to above.

On cross-examination, Bottger testified: he didn't see Greene move the burlap; the bottle was tested for fingerprints and no positive identification could be made even though a partial print was obtained which could be Greene's; no drugs or drug-related paraphernalia were found in Greene's bedroom; and the residue on the spoons and pipes was not tested. The defense brought out there was an outside water tap located 4 to 5 feet further away from where Greene was stooping and that it was connected by a hose to a sprinkler.

Other testimony was that the substances seized were in fact marijuana and heroin.

At the close of the State's case, the defense moved for a judgment of acquittal on both counts against Delany and on Count I for possession of marijuana against Greene. The motion was denied. The jury acquitted Delany but found Greene guilty on both counts. Judgment of conviction was entered and sentence imposed.

■ Greene appealed, contending that the trial court erred in denying his motion for a judgment of acquittal on Count I, the marijuana charge, and that the evidence was insufficient to sustain a conviction on either count.

A motion for judgment of acquittal requires the trial court to determine whether the evidence is sufficient to sustain a conviction of the offense or offenses charged. *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979), *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975). Our review of the record convinces us that the trial court properly found the evidence was sufficient enough to submit Count I to the jury, and we find it sufficient, if not overwhelming, to sustain the conviction on both counts.

Greene relies upon the following passage from *State v. Warden*, 97 Idaho 752, 554 P.2d 684 (1976):

"[T]here was no showing that the defendant-appellant had actual possession of the substance nor is there any evidence whatsoever to support the inference merely

because he was in a room where a controlled substance was later found that he is to be legitimately inferred to have been in constructive possession. In the absence of such evidence to support the inference, the verdict here must be held to have been based on nothing but speculation."

*Id.* at 755, 554 P.2d at 687. Such reliance is misplaced. The Court in *Warden* also said that while mere presence might be insufficient, this was qualified by the phrase "in the absence of other circumstances." *Id.* at 754, 554 P.2d at 686. Here additional evidence was presented which tended to establish Greene's constructive possession.

The papers and bills containing Greene's name and listing the premises searched as his address indicated that Greene was residing there, which was not so in *Warden*. In addition, marijuana and various drug-related paraphernalia were found in common areas to which Greene had access. Greene demonstrated some knowledge of the presence of the drugs and of their illegal nature when he volunteered that "he knew about the marijuana, but he didn't know anything about the heroin." This incriminating statement could justify a jury making the reasonable inference that Greene knew of the marijuana and had control of it.

■ The evidence presented to the jury in regard to the possession of heroin was also such that from it the jury could reasonably infer that Greene had knowledge and control over the heroin. There was the heroin-related paraphernalia found in common areas to which Greene had access, which could be taken together with Greene's conduct in stooping over near the opening in the foundation where the jar containing the heroin-filled balloons was found, to which may be added Greene's statement that he didn't know about the heroin, whereas at the time of the statement, it was not known that the balloons contained heroin. Based on this evidence, the jury could reasonably infer that Greene displayed knowledge of the heroin and its location, carrying with it the inference of dominion.

■ Suspicious behavior of a defendant when he becomes aware of the police is a circumstance that can link him to drugs found on the premises of which he is in non-exclusive possession. *Skold v. State*, 263 So.2d 627 (Fla. Dist. Ct.App.1972); *Watson v. State*, 18 Md.App. 184, 306 A.2d 599 (1973); *Commonwealth v. Cash*, 240 Pa. Super. 123, 367 A.2d 726 (1976); Annot. 56 A.L.R.3d 948, 960–61 (1974), and cases cited therein.

■ Greene's next contention is that the trial court erred in excluding evidence of flight by co-defendant McCartan.

This argument is based upon the following exchange:

"Q. (by defense counsel) Do you know where Pam McCartan is?

"A. (Officer Bottger) No, sir, I do not.

"Q. She did not bother to show up for trial?

"MR. SALLADAY: Objection, your Honor, I believe this is outside the witness's knowledge.

"THE COURT: I will sustain that. It is covered by an instruction the Court has given."

We do not see that the questions asked sufficiently raised the issue that McCartan had fled. The officer's answer that he did not know her whereabouts certainly had nothing to do with any suggestion of flight from prosecution. The question objected to was merely redundant to the first question, again not calling for an answer which would have brought forth the fact of McCartan's flight, if indeed she did flee. The question of her flight was not properly presented to the trial court by the question asked, and there being no further questions in that regard, the issue was not raised below and will not be considered on appeal. *Local 1494 International Association of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 586 P.2d 1346 (1978); *Clark v. International Harvester Co.*, 99 Idaho 326, 581 P.2d 784 (1978); *Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973).

Greene also contends that the information is insufficient to protect him from double jeopardy.

The State's response is that any defense or objection based upon a defect in the information according to Rule 12(b)(2) [1] I.C.R. must be raised prior to trial. We agree.

Had the defendant desired greater specificity in the information, it was obtainable under the Idaho Criminal Rules. The defendant's failure to object to the information constitutes a waiver and therefore cannot be raised on appeal. I.C.R. 12(f). [2] *See State v. Segovia,* 93 Idaho 594, 468 P.2d 660 (1974); *State v. Pruett,* 91 Idaho 537, 428 P.2d 43 (1967). Assuming that defendant has a genuine concern that the State would attempt to try and convict him a second time for the same offenses for which he was here found guilty, we suggest only that:

> *"The test of the sufficiency of an indictment is not determined by whether the indictment alone will protect the accused against the possibility of double jeopardy.* The judgment of conviction or acquittal is the bar to further prosecution [citations omitted], and the *entire record of all proceedings against the accused may be referred to* if there is a claim that a subsequent prosecution constitutes double jeopardy. . . . The entire transcript of the trial is also available should its need ever arise."

*Flores v. United States,* 338 F.2d 966, 967 (10th Cir. 1964) (emphasis added).

In *State v. Gumm,* 99 Idaho 549, 585 P.2d 959 (1978) in a concurring opinion, two Justices pointed out in regard to the specificity required in an indictment to prevent a subsequent prosecution that:

> "[A]ny concern that the State might later seek to prosecute the defendant again on a larceny charge involving the same items as here involved is both anticipatory and speculative. Should the State make any such attempt, it must be remembered the district court is a court of record and those records, as the majority opinion points out, amply illustrate that identification of the items of personalty allegedly taken by the defendant is well-documented. Such documentation on the record precludes a second prosecution for the same offense."

*Id.* at 554, 585 P.2d at 964.

This has been understood to be the rule in Idaho at least since 1913 when the Court, quoting approvingly from the United States Supreme Court case of *Cochran v. United States,* 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895), said:

> "But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether *the record* shows with accuracy to what extent he may plead a former acquittal or conviction."

*State v. O'Neil,* 24 Idaho 582, 592, 135 P. 60, 63 (1913) (emphasis added). *State v. Griffith,* 55 Idaho 60, 37 P.2d 402 (1934) relied upon a California case, *Ex parte Winston,* 160 Cal. 18, 116 P. 390 (1911) wherein it was stated:

1. "Rule 12. Pleadings and motions before trial—Defenses and objections.

"(b) Pretrial Motions. Any defense, objection or request which is capable of determination without trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:

"(2) defenses and objections based on defects in the complaint, indictment or information (other than it fails to show jurisdiction of the court or to charge an offense which objec-

tion shall be noticed by the court at any time during the pendency of the proceedings); . . ."

2. I.C.R. 12(f) states:

"Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, or at the time set by the court pursuant to subsection (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

"The record of the conviction, it is true, might not be sufficient, unaided by evidence aliunde, to establish the identity of this offense with one hereafter charged in different or even in the same words, *but that is not a jurisdictional requirement.* The cases cited by counsel from the reports of this state in which it is held that a defendant is entitled to have the charge against him set forth with reasonable particularity in order to enable him to plead a conviction or acquittal in bar of a subsequent prosecution for the same offense are all appeal cases where *the question arose upon special demurrer to the indictment, and the reversals were for error in procedure, not for excess of jurisdiction.*"

*Ex parte Winston*, 116 P. at 390–391 (emphasis added).

The holding of *Griffith* was approved and restated in *Pruett, supra.*

Judgment of conviction is affirmed.

DONALDSON, C. J., SHEPARD and BAKES, JJ., and SCOGGIN, J., Pro Tem, concur.