State *v.* Arnold.

STATE *v.* ARNOLD.

(*Nashville.* February 5, 1898.)

CRIMINAL COSTS. *Taxing on conviction of misdemeanor under indictment for felony.*

Where, under an indictment for felony, the defendant is convicted of a misdemeanor, the State must pay all costs incident to the prosecution for the felony, which is held to embrace in this case the entire bill of costs, $839.14, except State and county tax and fine, and a few items of clerk's fees, aggregating $105.15.

Cases cited: Loyd *v.* State, MS.; State *v.* McBride, MS.

FROM DAVIDSON.

Appeal in error from Criminal Court of Davidson County. J. M. ANDERSON, J.

Attorney - general PICKE and W. H. WASHINGTON for State.

A. J. CALDWELL for Arnold.

WILKES, J. This cause is before us the second time upon an application to retax costs. Upon the former hearing the cause was remanded because proper application had not been made and refused in the Court below. The indictment was for mali-

cious stabbing; the conviction was for assault and battery. In other words, an acquittal as to the felony, and conviction of a misdemeanor. A fine of $75 was imposed by the Court. When the cause was remanded to the Court below, a reference was made to the Clerk to report what costs were incurred by witnesses summoned on the part of the State to show malice and prove the felony and to retax the costs. The Clerk reported the entire amount of costs as $839.14, and that $28.91 of this amount was incurred in the effort to prove malice and make out the felony, and should be taxed to the State, and the remainder of $810.23 should be paid by the defendant. The defendant excepted to the report, admitting his liability for various items, amounting to $105.15, and insisting that the remainder, of $733.99, should be taxed to the State. This exception was overruled, and the defendant appealed.

The case of *John Lloyd* v. *State*, decided at Knoxville, September term, 1877, is a case directly in point—an indictment for malicious stabbing, with an acquittal of the felony and conviction of the misdemeanor of assault and battery. It was held, in that case, that the State must pay all costs accrued in attempting to make out the felony, and that the difficulty in separating the costs that accrued as to proof of felony must not result in taxing them to the defendant. A similar ruling was made in this Court in the case of *State* v. *William McBride*, decided at Nashville in 1876, not reported. It is said

that the witnesses examined were, with few excep-
tions, eye-witnesses, and must, necessarily, have been
examined whether the case was prosecuted as a felony
or misdemeanor.    But it is evident that it makes a
material difference to a defendant whether he is being
tried for a felony or misdemeanor.    In the former
case he will not be content unless he has exhausted
all the evidence and brought to bear all the defenses
he can command, while in the latter he might be
willing to submit or make an inexpensive defense.
If the State sees proper to prosecute for a felony
it must take the risk of being successful or paying
costs if it fail, and defendant cannot be required to
pay or work them out.    In this case the items
admitted by the defendant to be legitimately taxable
to him are: State tax, $5; county tax, $5; Attorney-
general's fee, $5; fine to county, $75; and some
items of Clerk's costs.    Without investigating each
of the small items, we are satisfied that the defendant
should be taxed with no more than he has admitted
his liability for.

He will, therefore, be taxed with said sum of
$105.15, and the remainder and costs of this appli-
cation and proceeding to retax in this Court and
Court below will be paid by the State, and the
costs are retaxed accordingly.