(August 4, 1923.)

## STATE, Respondent, v. GILBERT MONTROY, Appellant.

[217 Pac. 611.]

TAXATION OF COSTS IN CRIMINAL CASES—IMPRISONMENT OF CONVICTED DEFENDANT FOR NONPAYMENT OF COSTS — COSTS STATUTES CONSTRUED.

1. Under C. S., sec. 9038, a convicted defendant may be imprisoned for the nonpayment of costs of prosecution taxed against him.

2. Costs of prosecution taxed against a convicted defendant under C. S., sec. 9038, do not constitute a debt within the constitutional inhibition against imprisonment for debt.

3. Where a defendant charged with the commission of a felony is convicted of a lesser and included offense, the statutes of this state do not provide for a segregation of the costs of prosecution or their apportionment, as between the two grades of crime.

4. *Held,* that the trial court committed no error in its final judgment and order taxing costs of prosecution against the defendant, in the absence of a showing on behalf of defendant that the items of cost taxed were not properly incurred and could not have been legally assessed in the prosecution and conviction of the defendant for a misdemeanor.

5. The punishment of imprisonment which is allowed by C. S., sec. 8248, to be imposed as the alternative of a fine, has nothing to do with the imposition of imprisonment for the nonpayment of costs of prosecution under the provisions of C. S., sec. 9038.

6. One convicted of a criminal offense under the laws of this state cannot be imprisoned for the nonpayment of the fees and mileage of witnesses whose testimony was necessary to establish his defense, when such witnesses were required to be called and produced for such defendant at public expense, pursuant to the provisions of C. S., sec. 9135.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Publisher's Note.

1. Imprisonment for nonpayment of costs and fees by defendant in court proceedings, see notes in 27 L. R. A. 601; L. R. A. 1915B, 648.

Appeals by state and defendant from order retaxing costs and judgment. *Sustained.*

James F. Ailshie, Jr., for Appellant.

One convicted of a misdemeanor cannot be assessed the costs incurred by the prosecution in a futile effort to convict him of a felony. (*Biester v. State,* 65 Neb. 276, 91 N. W. 416; *State v. Arnold,* 100 Tenn. 307, 47 S. W. 221; 5 Standard Proc. 760.)

One convicted of a misdemeanor upon an indictment and trial for a felony cannot be imprisoned for the purpose of paying the costs that accrued on the trial of such felony charge. (*Smith v. State,* 105 Ark. 58, 150 S. W. 149; 5 Standard Proc. 760; *Burch v. Dooley,* 123 Ind. 288, 24 N. E. 110.)

When the court had been satisfied that the defendant was without any means, it could not thereafter impose an alternative judgment of imprisonment for costs, for the reason that having previously determined that the defendant could not pay the costs such judgment would *ipso facto* become a judgment of imprisonment for debt and in violation of sec. 15, art. 1, of the constitution.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Where an accused is charged with a felony and conviction is had of a misdemeanor included within the felony, all costs of prosecution may be recovered against the accused. (C. S., secs. 8997, 9038, 9353; *State v. Belle,* 92 Iowa, 258, 60 N. W. 525.)

An accused is not excused from the payment of all costs of prosecution by a showing that he is financially unable to pay the costs assessed. (C. S., secs. 9038, 9135, 9353.)

An accused upon conviction may be imprisoned for failure to pay costs. (*Re Lucas,* 17 Ida. 164, 104 Pac. 657; *Re Walton,* 17 Ida. 171, 104 Pac. 659; *State v. Anderson,* 31 Ida. 514, 174 Pac. 124.)

FEATHERSTONE, District Judge.—The defendant in this case was informed against by Roger G. Wearne, Esq., prosecuting attorney of Kootenai county, upon the charge of assault with a deadly weapon, but was convicted upon trial of only simple assault. The state thereupon filed a cost bill aggregating $484.65, and the defendant was sentenced to pay $100 fine and costs, the judgment providing that in default of the payment of fine and costs, the defendant be confined in the county jail of said county for 292 days, the date of imprisonment to run from the day of his delivery to the sheriff of said county.

Included in the bill were items aggregating $292.40 expended by the county for the defendant's witnesses, he having obtained an order pursuant to C. S., sec. 9135, which is hereinafter quoted in full, requiring the county to pay their fees and mileage.

The defendant objected to the whole of the cost bill on the ground that the costs were incurred in an effort to convict him of a felony, of which, by his conviction of the lesser, included offense, he had been acquitted; and objected particularly to the further taxation of the items aggregating said sum of $292.40, for the fees and mileage of witnesses subpoenaed and called by him, and which, by said order, the county was required to pay.

Upon a hearing of these objections the trial court struck from the bill the fees and mileage of defendant's witnesses, and taxed the costs at the difference between the amount of the bill and said sum, and assessed the costs at $192.15. Thereupon a modified judgment was entered in conformity with said order of which only the following excerpt is material here": . . . . It is ordered and adjudged by and is the sentence of this court that you pay a fine of $100, together with the costs and disbursements of this action taxed and allowed in the sum of $192.15 and, in default of the payment of said fine and costs that you, the said defendant, Gilbert Montroy, be confined in the county jail of Kootenai county, Idaho, one day for each $2.00 of said fine and costs, to wit: for the period of 146 days, the date of imprisonment

and confinement to commence to run from the date of your delivery to the sheriff of Kootenai county.''

The defendant has appealed from the original judgment, as well as from the order retaxing costs, and from the modified judgment based thereon in so far as these imposed costs upon the defendant and imprisonment at the rate of one day for every $2 of the costs; and the state has appealed from the order and modified judgment in so far as these reduced the amount of the costs originally taxed.

The question thus presented is: Did the lower court err in reducing the costs at all, or should he have disallowed the whole bill?

Considering, first, the question as to whether the trial court erred in retaxing costs in the sum of $192.15, and entering judgment thereon of imprisonment in the event of the defendant's failure to pay the same, the defendant's contention is that, having been acquitted of the felony charge by his conviction of an included misdemeanor, he cannot be taxed with costs incurred by the state in an effort to convict him of the felony.

The trouble with this proposition is that no showing was made to the trial court that any of the items taxed were not properly and legally incurred in the prosecution and conviction of the defendant of the misdemeanor. Therefore, no segregation which is not an arbitrary one can be made, and besides, there is no statutory authority for an apportionment.

Counsel for the defendant, however, earnestly contends that the defendant had no opportunity to avoid the costs incurred in the effort of the state to convict him of a felony, as he could not have insisted upon the acceptance of a plea of guilty to the offense of which he was ultimately convicted, and cites *Biester v. State,* 65 Neb. 276, 91 N. W. 416, and *State v. Arnold,* 100 Tenn. 307, 47 S. W. 221. But quite as reputable authority is found aligned against this contention. See *State v. Belle,* 92 Iowa, 258, 60 N. W. 525, and *State v. Granville,* 26 Kan. 158, the opinion in the latter case being written by a jurist of no less eminence than the late Mr. Justice Brewer.

Here, again, we have no statute which takes such a situation into account. And, in the absence of legislation, the courts of this state can provide no remedy, unless by the situation which has resulted the defendant has been deprived of some constitutional guaranty.

But the defendant does not claim that his constitutional rights have in this respect been invaded. He merely asserts that there is no warrant of law for taxing these costs against him under the circumstances. This requires an examination of the statutes.

C. S., sec. 8882, provides that "The plea of not guilty puts in issue every material allegation of the indictment." And C. S., sec. 8997, provides that "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." By C. S., sec. 8812, these provisions are made applicable to informations.

Reading sections 8882 and 8997 together, the plea of defendant placed in issue every essential element not only of the felony charged, but of the included offenses as well. There was then tendered but one issue, namely, the guilt or innocence of the defendant of the offenses charged.

C. S., sec. 9353, reads as follows: "At the close of every trial for any offense against the laws of this state the costs thereof shall be paid as by law provided, but by way of indemnity to the county the whole amount of such costs, including the costs of examination if such shall have been had, in cases wherein the accused is convicted, shall be taxed against the convicted person, and judgment shall be rendered accordingly by the court before which such person shall have been convicted, and such judgment may be enforced in the same manner as judgments in civil cases.

C. S., sec. 9039, makes a judgment for fines and costs a lien the same as judgments in civil actions, and C. S., sec. 9049, allows execution to issue thereon.

C. S., sec. 9038, however, provides that the defendant may also be imprisoned if the costs are not paid, and until they

are paid, at the rate of one day for every $2 of such costs. The section reads as follows: "A judgment that the defendant pay a fine, or pay costs, or pay both fine and costs, may also direct that defendant be imprisoned until the fine, or costs, or both fine and costs, have been satisfied; specifying the extent of the imprisonment, which cannot exceed one day for every $2 of the fine, costs or fine and costs, as the case may be."

The remedies provided by these sections are concurrent in so far as they relate to costs; but, if the costs or any portion of them are paid, then obviously the imprisonment for them is to that extent avoided.

The matter of imprisonment for costs under this section has been before this court in the case of *State v. Anderson,* 31 Ida. 514, 174 Pac. 124; and we there held that a defendant may be imprisoned for the nonpayment of them. Moreover, the great weight of authority is to the effect that costs of prosecution are not a debt within the constitutional inhibition against imprisonment for debt. (15 C. J., pp. 342, 343, and cases cited in note 99.)

It will thus be seen that the statutes of Idaho require that the costs of prosecution be paid by the convicted defendant, and, as already stated, provide two methods intended for their collection. The statutes do not provide for a segregation of costs or their apportionment under any circumstances; and, as the defendant has made no showing nor pointed out wherein the items taxed in the retaxing order and entered in the modified judgment were not properly incurred and could not have been legally assessed in the prosecution and conviction of the defendant for a misdemeanor, the court committed no error in making the order or entering the judgment as modified.

But it is further contended that, as under C. S., sec. 8248, simple assault is punishable only by a fine of $100 or by imprisonment in the county jail not exceeding three months, the court has no jurisdiction to impose both fine and imprisonment, even though that imprisonment be only for nonpayment of costs. If this contention is correct, obviously,

37 Idaho.—44

where a fine is imposed only under this section, the court could not, despite the plain provision of section 9038 imprison the defendant at the rate of one day for every $2 of the fine until the same had been paid. We set this contention at rest in the case of *State v. Anderson, supra,* where the court said: "The provision that the maximum imprisonment shall not exceed six months, applies only to the maximum sentence of absolute imprisonment. It does not limit the power of the judge to impose a fine up to the maximum amount provided by statute, nor is there any limitation upon his power to direct that the defendant be imprisoned until the fine is paid, except that the time of such imprisonment cannot exceed one day for each $2 of the fine."

The imprisonment which is allowed by the statute to be imposed as an alternative of a fine has nothing whatever to do with the imposition of imprisonment for the nonpayment of costs. The enactment of a statute imposing a given penalty cannot render nugatory further legislation requiring that the costs of prosecution shall be imposed upon a convicted person and permit his imprisonment in case the costs are not paid. There is, therefore, no merit whatever in this contention.

Far more serious and difficult is the question as to whether or not the trial court erred in striking those items from the cost bill which represented fees and mileage of defendant's witnesses, and which were paid by the county.

It is the public policy of this state, disclosed by constitutional guaranties as well as by numerous provisions of the statutes, to accord to every person accused of crime, not only a fair and impartial trial, but every reasonable opportunity to prepare his defense and to vindicate his innocence upon a trial. In the case of indigent persons accused of crime the court must assign counsel to the defense at public expense (C. S., sec. 8858) and, upon proper showing, the mileage and fees of the defendant's witnesses must be ordered paid by the county in all cases.

C. S., sec. 9135, in this behalf provides as follows:

"When a person shall attend before a grand jury, or the district court, as a witness, upon a subpoena, or pursuant to an undertaking, such person shall receive the sum of 25 cents a mile, one way for each mile actually traveled, but no person can receive more than one mileage under this section at one term of the district court; such person shall also receive $2 per day for each day's actual attendance as such witness. Such mileage and per diem must be paid out of the county treasury of the county where such district court is held, upon the certificate of the clerk of said court: Provided, however, that when a defendant in a criminal proceeding requires the attendance of more than five witnesses in his behalf, before such witnesses shall be subpoenaed at the county's expense, or their fees and mileage be a charge against the county, such defendant must make affidavit setting forth that they are witnesses whose evidence is material to his defense, and that he cannot safely go to trial without them. In such case the court, or the judge thereof, at any time application is made therefor, shall order a subpoena to issue to such of said witnesses as the court, or the judge thereof, may deem material for the defendant, and the costs incurred by the process and the fees and mileage of such witnesses shall be paid in the same manner that the costs and fees of other witnesses are paid."

Undoubtedly, if a defendant in a criminal case may, upon conviction of the offense charged, or of one included therein, and in default of immediate payment of the bill in full, be imprisoned for such default, the law immediately penalizes him for having accepted the assistance to which the statute entitled him. Thus the benefits which the statute intended to bestow upon all persons accused of crime, namely, to give to all an unfailing opportunity to present all evidence necessary to their defense, has to a large degree been nullified, because in many instances defendants, particularly indigent defendants, would be deterred from causing necessary witnesses to be subpoenaed by the fear that in case of conviction they could be punished by imprisonment for days, and sometimes weeks or even months because of the expense in-

curred by the county in calling one or more of such witnesses.

The statutes of this state must be construed together to the end that the various sections and provisions may be made to harmonize. Therefore, to hold by implication—and it can be held only by implication, as there is no express statutory authority therefor—that C. S., sec. 9038, intended to authorize a criminal judgment for such fees and mileage to be rendered against a person convicted of crime and at the same time provide for his imprisonment in the event that he did not pay the same, would require a construction of this section entirely out of harmony with its spirit and the plain purpose of C. S., sec. 9135. Such imprisonment in this state is, therefore, against public policy.

The costs incurred in calling these witnesses are not costs incurred by the prosecutor but are costs incurred solely in making out the defense.

Sec. 18 of the Bill of Rights of the Idaho constitution provides that "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."

In the case of *Day v. Day*, 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531, this court held that this section is self-acting, self-executing and required no legislative provision for its enforcement, and cannot be abridged or modified by any legislative or judicial act. We hold that persons accused of crime cannot be imprisoned for the nonpayment of the fees and mileage of witnesses whose testimony was necessary to make out their defense, when such witnesses were required to be called and produced for such accused persons at public expense pursuant to the provisions of said section 9135.

Finding no error, the order striking said items from the cost bill and the judgment as modified are sustained.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.