448 P.2d 758

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dale Arthur HANSON, Defendant-Appellant.**

**No. 10201.**

Supreme Court of Idaho.

Dec. 24, 1968.

John Hjellum, II, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Gale M. Merrick, Asst. Atty. Gen., Boise, James L. Schoenhut, Pros. Atty. of Valley County, Cascade, for respondent.

SPEAR, Justice.

On April 19, 1966, the following complaint was lodged in the justice court against Dale Arthur Hanson, alleging in part, as amended:

"* * * That Dale Hanson of Banks, Idaho on the 18th day of April, 1966, at Cascade, Idaho, in the County of Valley and State of Idaho, the said Dale Hanson, then and there being did then and there drive a 1960 Oldsmobile License No. Idaho 6–B 1059 upon Idaho State Highway 15 in Cascade, Idaho, carelessly and heedlessly and in a manner so as to be likely to endanger persons and property * * *"

This was asserted to be a violation of I.C. § 49–1103, which provides:

"* * * Any person who drives any vehicle upon a highway carelessly and heedlessly, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, or who passes when there is a line in his lane indicating a sight distance restriction shall be guilty of reckless driving * * *."

On May 2, 1966, the defendant was convicted. Thereafter, a trial de novo was had in the District Court of the Third Judicial District of Idaho, in and for Valley County. Defendant was again convicted of reckless driving in a trial before a jury. From this latter conviction he now appeals.

Appellant raises issues as to the sufficiency of the complaint, sufficiency of the evidence, propriety of calling "rebuttal" witnesses and propriety of levying a $150 fine *plus* $273 in costs.

We shall deal with each of these contentions in the order they are stated.

*Sufficiency of the Complaint*

This contention is without merit, for as stated in State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967):

"Appellant, having failed to demur to the complaint in district court, cannot now therefore raise on appeal the objection the complaint did not fully state the manner of driving which constituted the offense of reckless driving with which he was charged." State v. Pruett, supra, 91 Idaho at 543, 428 P.2d at 49.

*Sufficiency of the Evidence*

Appellant contends that there was insufficient evidence upon which the jury could base its verdict. Since a charge of reckless driving will not stand on proof of speed alone, State v. Pruett, supra; People v. Sticht, 139 N.Y.S.2d 667 (Jefferson County Ct. 1955); State v. Licari, 132 Conn. 220, 43 A.2d 450 (1945), we must see if there is competent evidence of misconduct other than speeding in the record.

At the outset, it should be noted that our review of the evidence in this case is seriously hampered by the failure of the parties to include, in the exhibits certified to this court, a picture of the chart or blackboard which the witnesses used in elucidating their testimony. We are precluded from reviewing it, and are bound to accept the verdict of the jury, for the jurors are the finder of the facts in a jury trial. Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 270 P.2d 830 (1954). Such practice has previously been condemned by this court and should be avoided

in the trial of any cause. Barry v. Arrow Transportation Co., 80 Idaho 447, 333 P.2d 1008 (1959). However, in spite of this handicap, there is sufficient competent evidence in the record to sustain the verdict.

■ In *Pruett* the following factors, among others, were set forth as elements of the crime of reckless driving: speed; width of the road; darkness; existence of access roads or side streets; and last, the existence or possible existence of animals or people who might be endangered by the conduct in question. This last element is probably the most important of all, since it is obviously part of the policy of I.C. § 49–1103 to circumscribe a course of conduct which might create a substantial risk of injury or death.

Each of the above described elements is established by the testimony of the state's witnesses who were Cascade Police Chief Louis Chadwell, the arresting officer, and Harvey Weeks, a resident of Cascade who was with Chief Chadwell, when appellant's conduct in question occurred on the main street in Cascade, also comprising part of State Highway 55. The testimony reveals that the defendant was traveling up to 45 miles per hour in a zone with a posted maximum speed of 25 miles per hour. Furthermore, defendant's speed was such that he "squealed" his tires as he made a "U-turn" in the middle of main street. The street was no more than 35 feet in width, an area which was even further limited by the area reserved for parking on either side.

The testimony also reveals that it was late in the evening, i. e., about 11:00 p. m. Thus, defendant's frivolous conduct occurred at a time when it was accompanied by the additional hazard of impaired visibility.

Finally, both witnesses testified that 11:00 p. m. was the time that the local theater customarily finished its last showing. Therefore, at any time during the course of defendant's dangerous conduct he could have endangered people crossing the streets and attempting to get into their cars.

"Presented with such evidence, we cannot say that the jury was not warranted in finding the appellant guilty of reckless driving under our statute which prohibits traveling at a speed or in a manner to endanger or likely to endanger persons or property. The credibility of witnesses and the weight given their testimony was for the jury exclusively; and where there is competent, substantial, though conflicting, evidence to sustain a verdict, this court cannot reweigh that evidence or disturb the verdict. [Cites]" State v. Pruett, 91 Idaho at 541, 428 P.2d at 47

### Propriety of Calling "Rebuttal" Witnesses

■■ Appellant objected to the state recalling its two witnesses to clarify the date on which appellant's violation of I.C. § 49–1103 took place. On the initial direct examination of these two witnesses they inadvertently testified that the date was May 2, 1966, the date of the defendant's trial in justice court. The actual date of the defendant's violation of the statute was April 18, 1966. During the recess the witnesses were able to refresh their memories and were later able to provide correct testimony. Although the court did not so state specifically, the court, in effect, permitted the state to reopen its case in chief for this correctional testimony, because the defendant had not yet opened his defense. It is discretionary with the trial judge to permit such reopening, and no error was committed in so doing in this instance. State v. Linebarger, 71 Idaho 255, 232 P.2d 669 (1951).

Therefore, the evidence is sufficient to sustain the verdict of the jury and the judgment of the court that appellant was guilty as charged, and that judgment is affirmed.

### Propriety of Levying Costs

The objections to the assessment of jury costs present a more serious question. Appellant was fined $150 and assessed costs of $273. Although it is not made clear in the court's order, the respondent concedes that

part, if not all, of these costs are allocable to the fees and expenses of jurors.

■ Respondent, by supplemental brief, in effect contends that the challenge as to costs is not properly before this court, and points to the following language in State v. Montroy, 37 Idaho 684, 217 P. 611 (1923):

"* * * as the defendant has made no showing, nor pointed out wherein the items taxed in the retaxing order and entered in the modified judgment were not properly incurred and could not have been legally assessed in the prosecution and conviction of the defendant for a misdemeanor, the court committed no error in making the order or entering the judgment as modified."

However, it appears appellant was given no opportunity to oppose the imposition of these costs, or any part of them, in the district court proceedings, and so much of the costs as are attributable to jury fees and expenses have been challenged on this appeal. Furthermore, the record must *affirmatively show* not only what items of expense comprise the costs, but also whether the defendant had an opportunity to challenge their assessment in the court below. State v. Bassett, 86 Idaho 277, 385 P.2d 246 (1963). Neither showing appears in the record before this court.

Apparently the costs were levied on the authority of I.C. § 19–4703 [1] Appellant contends that the statute is unconstitutional because it violates both the due process clause of the 14th Amendment and the 6th Amendment to the United States Constitution, as well as art. 1 § 7 of the Constitution of the State of Idaho. Although our research has not revealed any case where the assessment of jury costs against a convicted criminal defendant has been declared

violative of the 6th Amendment, such an argument has persuasive force. See Arnold v. State, 76 Wyo. 445, 306 P.2d 368, 376–77, 65 A.L.R.2d 839, 850–51 (1957). Certainly the prospect of paying costs in excess of the fine which might be imposed can be a substantial deterrent to an exercise of the right to a jury trial.

■ Assessment of costs in criminal cases is a statutory creation, unknown at common law, United States ex rel. Phillips v. Gains, 131 U.S.App. clxix; 25 L.Ed. 733 (1880); Arnold v. State, supra; Saunders v. People, 63 Colo. 241, 165 P. 781 (Colo. 1917).; Walton County v. Dean, 23 Ga.App. 97, 97 S.E. 561 (1918), so we must seek such authority from our statutes. Our costs statute, I.C. § 19–4703, has been construed by this court only twice previously. In State v. Montroy, supra, it was determined that the cost of the defendant's witnesses could not be assessed against him. In State v. Bassett, supra, the court held that the defendant must have an opportunity to challenge the assessment of costs. Neither case decided whether juror's fees and expenses were properly assessable. However, other jurisdictions have been called upon to make that specific determination. The cases usually construe the phrase "costs of prosecution," which is equivalent to the provisions used in our statute. State v. Montroy, supra.

■ Several courts have determined that jury costs are a general expense of maintaining the system of courts and the administration of justice, and that such costs are more properly an ordinary burden of government. Arnold v. State, supra; Gleckman v. United States, 80 F.2d 394 (8 cir. 1935); People v. Kennedy, 58 Mich. 372, 25 N.W. 318 (1885); People v. Hope, 297 Mich. 115, 297 N.W. 206 (1941); State v.

---

1. I.C. § 19–4703. *Judgment for costs.—* At the close of every trial for any offense against the laws of this state the costs thereof shall be paid as by law provided, but by way of indemnity to the county the whole amount of such costs, including the costs of examination if such shall have been had, in cases wherein the accused is convicted, shall be taxed against the convicted person, and judgment shall be rendered accordingly by the court before which such person shall have been convicted, and such judgment may be enforced in the same manner as judgments in civil cases.

Morehart, 149 Minn. 432, 183 N.W. 960 (1921); Saunders v. People, supra; State v. Jungclause, 176 Neb. 641, 126 N.W.2d 858 (1964); United States v. Wilson, 193 F. 1007 (C.C.S.D.N.Y. 1911). We believe these are the better reasoned cases and that our statute should be so construed.

Since the record does not show what portion of the costs assessed were allocable to the attendance of jurors, this case must be reversed and remanded for a redetermination of all costs assessed from which the fees and expenses of jurors must be excluded. Additionally appellant must be granted an opportunity to oppose other cost items should he so desire.

Judgment of conviction affirmed and cause remanded for further proceedings and resentencing in accordance with the views expressed herein.

SMITH, C. J., and TAYLOR, Mc-QUADE and McFADDEN, JJ., concur.