**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Thomas P. CLINE, Defendant— Appellant.**

**No. 02–30078.**

**D.C. No. CR–01–00137–EJL.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2002.*

Decided Jan. 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, KLEINFELD and McKEOWN, Circuit Judges.

MEMORANDUM**

Cline was charged with three counts of possessing a firearm in violation of 18 U.S.C. § 922(g). Cline filed a motion to suppress evidence on the basis that the underlying arrest for reckless driving was unlawful and a motion to dismiss the indictment on the grounds that 18 U.S.C. § 922(g) is an unconstitutional infringement on his right to bear arms. The district court denied the motions and Cline was sentenced to forty-one months of incarceration and three years of supervised release. Cline appeals. For the reasons stated below, we affirm.

Pursuant to Idaho Code § 49–1405(1)(f), officers have authority to arrest individuals for reckless driving under their felony arrest powers. Cline argues that the officers did not have probable cause to arrest him for reckless driving. The officers had probable cause to arrest Cline if the facts and circumstances were sufficient to warrant a prudent person to believe Cline had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85

---

** This disposition is not appropriate for publication and may not cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 223, 13 L.Ed.2d 142 (1964); *United States v. Thomas,* 835 F.2d 219, 222 (9th Cir.1987).

Reckless driving occurs when a person drives "carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property." Idaho Code § 49–1401(1). Speed coupled with other factors–not necessarily conduct–such as icy roads, narrowness of the road, sharp curves, school zone, residential neighborhood, etc. are elements of a reckless driving offense in Idaho. *State v. Hanson,* 92 Idaho 665, 448 P.2d 758, 760 (Idaho 1968); *State v. Pruett,* 91 Idaho 537, 428 P.2d 43, 46–47 (Idaho 1967). The testimony established not only excessive speed through two-lane residential streets with uncontrolled and controlled intersections and cars on either side of the street, but also such additional circumstances as would satisfy the reckless driving statute, such as "burning rubber" and an exhibition of a "body roll" as Cline turned a corner. *See Hanson,* 448 P.2d at 760. Moreover, Cline was driving anywhere from twenty to forty miles above the speed limit through residential, commercial, and school zones. It was possible for Cline to endanger someone in the school zone since school grounds are likely to have children playing on the grounds, whether school is in session or not. The risk is heightened when school is not in session because crossing guards are not available to facilitate the safe crossing of children through traffic areas. Based on the satisfaction of these additional factors, the evidence at the suppression hearing established that Cline's arrest for reckless driving was supported by probable cause.

Although the search of the truck bed was not conducted pursuant to a policy on inventory searches, discovery of the guns was inevitable because the truck had to be impounded and therefore, they would have been discovered through lawful means. *See, e.g., United States v. Mancera–Londono,* 912 F.2d 373, 375 (9th Cir. 1990).

Finally, Cline's Second Amendment argument to dismiss the indictment on grounds that 18 U.S.C. § 922(g)(9) is unconstitutional must be rejected under *Hickman v. Block,* 81 F.3d 98 (9th Cir. 1996), *United States v. Hancock,* 231 F.3d 557 (9th Cir.2000), and *Silveira v. Lockyer,* 312 F.3d 1052 (9th Cir.2002).

*AFFIRMED.*

KLEINFELD, Circuit Judge, dissenting.

The case comes down to whether there was probable cause to arrest Cline for reckless driving. Without that, there would be no impoundment, and no inevitable discovery. So far as the record reveals, Cline was not charged with and was not convicted of reckless driving.

Reckless driving in Idaho is primarily a question for the trier of fact.[1] We do not have an Idaho adjudication that would establish this factual issue as a matter of *res judicata.* One may be guilty of speeding yet not reckless driving, so when speed is the basis for the charge there has to be context establishing all the elements of the statute.[2] "Since a charge of reckless driving will not stand on proof of speed alone, we must see if there is competent evidence of misconduct other than speeding in the record."[3] All the Idaho cases where a

---

1. *State v. Pruett* 91 Idaho 537, 428 P.2d 43, 46 (Idaho 1967).

2. *Id.*

3. *State v. Hanson,* 92 Idaho 665, 448 P.2d 758, 759 (Idaho 1968).

jury verdict of reckless driving was upheld against a sufficiency of evidence challenge involved much more egregious facts: "consistently riding [his motorcycle] on the wrong side of the road, turning blind corners, and cresting blind hills" in *Bedard;* [4] doing a squealing 180 on a narrow main street in the dark when people were coming out of the theater in *Hanson;* [5] and driving over 90 miles an hour at night on a narrow, broken-up two lane road, unfenced with cattle wandering onto the road in *Pruett.* [6]

The Idaho reckless driving statute [7] requires that the driving be conducted (1) "carelessly and heedlessly or without due caution and circumspection," and (2) "at a speed or in a manner as to endanger or be likely to endanger any person or property, or [passing] when there is a line in his lane indicating a sight distance restriction." Here, the driving was in the day time, not at night, so Cline did not labor under the sight restrictions or visual limitations that affected *Hanson* and *Pruett.* There was no testimony of any dangerous encounters with other vehicles, moving or parked, or of driving likely to endanger other vehicles such as driving on the wrong side of the road, or passing while cresting blind hills, as in *Bedard.* There was no testimony about endangering people as with the driver who did a 180 on the narrow main street at night while the theater was letting out in *Hanson.*

Detective Bradbury's testimony that Cline was going "very fast" is opinion contradicted by the factual testimony that he was going 45–mph to 50–mph in a 35–mph zone. That is mere speeding. Her testimony that his old pick-up truck "exhibited body roll" when he turned off of Sherman onto 16th merely describes the ordinary characteristics in an old pickup truck as contrasted, say, with a BMW. Likewise, her testimony that he was going 45–mph in a 25–mph zone on 16th Street is no more than speeding. The evidence that this was in a school zone hurts rather than helps the prosecution's case, because this was July and school was not in session, so there is no evidence of danger to school children. Moreover, it suggests that the speed limit was lower than the road would require for safe driving, except that it was a school zone.[8] That the police chased Cline and kept up with him, without feeling the need to put on their own lights or

---

4. *State v. Bedard*, 120 Idaho 869, 820 P.2d 1226, 1227 (Idaho 1991).

5. *State v. Hanson*, 92 Idaho 665, 448 P.2d 758, 760 (Idaho 1968).

6. *State v. Pruett*, 91 Idaho 537, 428 P.2d 43, 45 (Idaho 1967).

7. Idaho Code § 49–1401(1).

8. The majority comes up with the novel idea that it is actually more dangerous to speed through a school zone when school is not in session than when it is. Evidently the signs one often sees, "25 m.p.h. when school in session," are increasing the danger to children and under the majority's reasoning they should say the opposite. Contrary to the majority's intriguing position, a large number of states specifically limit the lower "school zone" speed limit to school days or portions thereof: Arkansas (Ark.Code Ann. § 27–51–212), California (Cal.Veh.Code § 40802), Florida (Fla.Stat. § 316.1895), Illinois (625 Ill. Comp. Stat. 5/11–605), Kansas (Kan.Stat. Ann. § 8–1560), Maine (Me.Rev.Stat.Ann. tit.29–A, § 2074), Maryland (Md.Code Ann., Transp. § 21–803), Massachusetts (Mass. Gen. Laws ch. 85, § 21A), Michigan (Mich. Comp. Laws § 257.627a), Minnesota (Minn.Stat. § 169.14), New Hampshire (N.H.Rev.Stat. Ann. § 265:60), New Jersey (N.J.Stat.Ann. § 39:4–98), New Mexico (N.M.Stat.Ann. § 66–7–301), North Carolina (N.C.Gen.Stat. § 20–141.1), North Dakota (N.D. Cent.Code § 39–09–02), Ohio (Ohio Rev.Code Ann. § 4511.21), South Dakota (S.D. Codified Laws § 32–25–14), Utah (Utah Code Ann. § 41–6–20.1), and West Virginia (W. Va.Code § 17C–6–1). Is it the majority's position that all of these states are wrong?

sirens, is strong evidence that they did not have the opinion at the time that driving with no lights or sirens at those speeds and those locations was reckless. If it was reckless driving, the police were themselves committing the same crime by doing the same things with no lights or siren, and it is more reasonable to infer that neither Cline nor the police were driving recklessly than that all the drivers were. The only evidence at all that takes the case beyond ordinary speeding is Detective Bradbury's testimony that she saw "smoke or dust in the air," and smelled "burning rubber" at the intersection where Cline made a right turn. But that still falls short of showing the carelessness, heedlessness, or lack of due caution or circumspection and endangerment to persons or property necessary for a reckless driving arrest under the Idaho statute.

Without probable cause to arrest for reckless driving, the search was improper and its fruits had to be suppressed. Accordingly, I would reverse.