**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51428**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>JUAN DAVID PAEZ,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  December 15, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Court of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Roger B. Harris, District Judge. Hon. Thomas D. Kershaw, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for reckless driving, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Juan David Paez appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for reckless driving.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2022, at approximately 9:40 p.m., Idaho State Police Officer Rutland observed two vehicles traveling at a high rate of speed.  One of the drivers was later identified as Paez.  This portion of the street where Officer Rutland observed the two vehicles is located near a large retail store, a high school, and multiple treatment centers.  Officer Rutland visually estimated Paez's vehicle's speed at approximately 60 to 65 miles per hour in a 35-mile-per-hour zone. Starting from a stopped position, the vehicles reached those speeds within approximately a quarter

1

of a mile. The officer also noted hazardous weather conditions, explaining that the temperature was around 30 degrees and that it had rained the day before and potential puddles on the roadway created a risk of the vehicles losing traction. Officer Rutland initiated a traffic stop of both vehicles. During the stop, he discussed with the drivers lawful and safe ways to participate in racing activities at raceways and subsequently issued a citation to Paez for reckless driving.

Before trial, both the State and Paez submitted proposed jury instructions that were similar to the language of Idaho Code § 49-1401(1) and Idaho Criminal Jury Instruction 1030, requiring the State to establish that Paez operated his vehicle carelessly and heedlessly or without due caution and circumspection and at a speed or in a manner as to endanger or be likely to endanger any person or property. In addition, Paez requested a supplemental instruction drawn from *State v. Hanson*, 92 Idaho 665, 448 P.2d 758 (1968). According to Paez, this case instructs jurors to find "competent evidence of misconduct in addition to speeding." *See id.* at 666, 448 P.2d at 759.

The magistrate court declined to provide the instruction proposed by Paez and concluded that evidence of misconduct in addition to speeding was not required under I.C. § 49-1401(1). However, the magistrate court sua sponte supplied an alternative supplemental instruction to the jury, requiring the State to prove that "there has been presented competent evidence of factors other than speed alone which created a substantial risk of endangering any person or property."

At the conclusion of trial, the jury found Paez guilty of reckless driving, I.C. § 49-1401(1). Paez timely appealed to the district court. Among other things, Paez argued that the magistrate court erred by denying his requested jury instruction. Paez also argued that the State failed to present evidence of misconduct in addition to the speeding to support his conviction for reckless driving. The district court, in its appellate capacity, held that the magistrate court did not err in declining to include Paez's jury instruction. The district court further determined that the State presented sufficient evidence to support Paez's conviction for reckless driving. Paez again timely appeals.

## II.
## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

2

conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Paez argues that the district court, acting in its appellate capacity, erred in affirming the magistrate court's decision declining his requested jury instruction. Paez contends that the magistrate court erred by declining to modify the elements instruction to require the State to prove misconduct beyond mere speeding in order to establish reckless driving. Consequently, Paez contends that the evidence presented at trial demonstrated only that he exceeded the posted speed limit, without any accompanying misconduct, and therefore the evidence was insufficient to support a conviction for reckless driving.

Instructions are reviewed "*de novo* to determine whether, when considered as a whole, they fairly and adequately present the issues and state the applicable law." *State v. Medina*, 165 Idaho 501, 507, 447 P.3d 949, 955 (2019) (internal quotation marks omitted). "Whether the instruction was erroneous will depend upon how a reasonable juror would have interpreted the instruction." *State v. Regan*, 175 Idaho 237, 241, 564 P.3d 706, 710 (2025).

Paez argues that the magistrate court erred when it refused to give his requested jury instruction that indicated: "You must find that there has been presented competent evidence of misconduct in addition to speeding in order to convict the defendant of the charge of reckless driving." Instead, the magistrate court proposed its own instruction that read: "In order to find a person guilty of reckless driving, you must find that there has been presented competent evidence of factors other than speed alone which created a substantial risk of endangering any person or property." In Paez's interpretation, *Hanson* requires the State to prove some type of "misconduct" not a mere "factor" in addition to excessive speed to secure a conviction for reckless driving.

Reckless driving occurs when a person drives "carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger

3

any person or property." I.C. § 49-1401(1). In *Hanson*, the Idaho Supreme Court stated that a finding of reckless driving requires evidence of "misconduct other than speeding." *Hanson*, 92 Idaho at 666, 448 P.2d at 759. However, the Court's analysis was not limited to some distinct misconduct but was, rather, based on the totality of the factors surrounding the individual's driving. The Court identified the following factors: the driver's speed, the width and condition of the roadway, the lighting, the presence of access roads or side streets, and the potential for pedestrians or animals to be endangered. *Id.* at 667, 448 P.2d at 760; *see also State v. Pruett*, 91 Idaho 537, 540-41, 428 P.2d 43, 46-47 (1967) (explaining factors to consider in addition to speed in determining reckless driving). In assessing whether Hanson's driving was reckless, the Court evaluated these environmental and situational factors--including the narrowness and type of road, the sound of the tires as he accelerated, the posted speed limit, and the time of day--rather than focusing on separate acts of misconduct. *Hanson*, 92 Idaho at 667, 448 P.2d at 760. Consistent with this interpretation, the Ninth Circuit has recognized that reckless driving in Idaho may be established by speed "coupled with other factors--not necessarily conduct--such as icy roads, narrowness of the road, sharp curves, school zone, residential neighborhood." *United States v. Cline*, 58 F. App'x 249, 251 (9th Cir. 2003) (citing *Hanson*, 92 Idaho at 667, 448 P.2d at 760). Thus, while *Hanson* references "misconduct," the Court's reasoning demonstrates that reckless driving does not require conduct distinct from speeding; rather, it depends on the presence of aggravating factors that, under the circumstances, render the driving reckless.

The magistrate court did not err by declining to give Paez's requested jury instruction, not only because it correctly interpreted the Idaho Supreme Court's ruling in *Hanson*, but also because it had already instructed the jury that speeding alone does not establish reckless driving. An erroneous jury instruction violates due process if it relieves the State of the burden of proving every element of the crime beyond a reasonable doubt. *State v. Bodenbach*, 165 Idaho 577, 587, 448 P.3d 1005, 1015 (2019). Here, the instruction given required the State to prove the necessary elements. The magistrate court's additional instruction informed the jury that it could not convict Paez based solely on speeding; some additional aggravating factor was necessary to find Paez guilty of reckless driving. The district court did not err in affirming the magistrate court's decision to decline Paez's proposed jury instruction.

4

Paez also argues that the State failed to present sufficient evidence to prove that Paez drove recklessly because he did not commit any misconduct outside of speeding. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

As stated above, environmental and situational factors coupled with speeding are sufficient to prove reckless driving. At trial, Officer Rutland testified that Paez was racing on a city street with significant potential for pedestrian traffic. The roadway is located near a large retail store and a high school. His testimony further established that Paez was driving about 30 mph over the set maximum speed limit late in the evening under hazardous road conditions. Substantial and competent evidence established that additional factors outside of speeding existed to find Paez guilty of reckless driving. Thus, the totality of the evidence supports the jury's finding of guilt. Paez has failed to show the magistrate court erred in declining his requested jury instruction and has failed to show the district court erred in affirming the magistrate court.

## IV.

## CONCLUSION

Paez has failed to show that the district court erred in affirming the magistrate court's decision to deny his requested jury instruction. The district court, acting in its appellate capacity, also did not err in affirming Paez's judgment of conviction because competent and substantial evidence support the conviction. Therefore, we affirm the decision of the district court, on intermediate appeal from the magistrate court, affirming Paez's judgment of conviction for reckless driving.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.