771 P.2d 912

Tom STEPHAN, personal representative of the Estate of William F. Hoops, Deceased, Plaintiff–Appellant,

v.

HOOPS CONSTRUCTION CO., an Idaho Corporation, Defendant–Respondent,

and

Angela R. Hoops, Intervening Defendant–Respondent.

No. 17024.

Supreme Court of Idaho.

April 7, 1989.

do we see a distinction between Koubourlis doing that which he did, or releasing information that had been obtained through discovery.

HUNTLEY, Justice.

I.

The Facts and Procedural Posture

Hoops Construction Company is an Idaho corporation. When Williams R. Hoops died on May 30, 1985, he was the sole shareholder of record in Hoops Construction. William R. Hoops had three children: William F. Hoops, Douglas R. Hoops and Angela R. Hoops. Helen Jane Hoops, the mother of William F. and Douglas Hoops, was divorced from William R. Hoops and later died on July 7, 1983. Marjorie R. Hoops, the mother of Angela Hoops, was legally married to William R. Hoops at the time of his death, May 30, 1985.

Douglas Hoops died June 13, 1975, at the age of twenty-four and William F. Hoops died April 3, 1984, at the age of thirty-four. Angela Hoops, the intervenor in this lawsuit is the sole surviving intestate heir of her deceased half-brothers William F. and Douglas Hoops; she is also the sole beneficiary of a trust created in the Last Will and Testament of her father, William R. Hoops.

Between December 24, 1953 and December 2, 1957, William F. and Douglas Hoops each received a gift of forty shares of stock in Hoops Construction from their grandparents, Fred and Ruby Hoops. On July 12, 1961, these eighty shares of stock were transferred in the corporation's records to William R. Hoops. Prior to the transfer of stock, the certificates for the shares in the name of William F. and Douglas Hoops were endorsed by their father, William R. Hoops, who signed the respective names of William F. and Douglas Hoops on the reverse sides of the certificates. No court approval was sought by the father to make the transfer to himself.

Appellant Tom Stephan is the Personal Representative of the Estate of William F. Hoops. Stephan's Second Amended Complaint alleged that the corporation was liable under theories of breach of fiduciary relationship in Count II and constructive fraud in Count III.

The district court granted summary judgment to Angela Hoops on all counts,

Terry L. Johnson, Twin Falls, for plaintiff-appellant.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for defendant-respondent. Edward L. Benoit, argued.

and dismissed the case with prejudice. The issue before this Court is whether summary judgment was appropriate as to Counts II and III.[1]

Upon motion for summary judgment, the facts and inferences flowing therefrom must be construed in favor of the non-moving party. I.R.C.P. 56(c); *Doe v. Durtschi*, 100 Idaho 466, 716 P.2d 1238 (1986).

## II.

### Count II, Breach of Fiduciary Duty

 Stephan alleges that Hoops Construction, by and through its officer and agent, William R. Hoops, breached its fiduciary duty to shareholders William F. and Douglas Hoops by wrongfully transferring the stock of minors without court authorization. Under the law, as it existed at the time of the allegedly wrongful transfer, an officer or director of a corporation had the following fiduciary duty:

> **30–142. Relation of directors and officer to corporation.**—Officers and directors shall be deemed to stand in a fiduciary relation *to the corporation*, and shall discharge the duties of their respective positions in good faith, and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions. (Emphasis supplied.)

This Court has held that, under I.C. § 30–142, a director has a fiduciary duty to both the corporation and its shareholders. *Weatherby v. Weatherby Lumber Co.*, 94 Idaho 504, 506, 492 P.2d 43, 45 (1972). However, *Weatherby* involved a "[f]ailure of defendant William [Weatherby] to disclose the negotiations for the sale and liquidation of the assets of the lumber corporation [which] was a breach of his fiduciary responsibility to the other stockholders." 94 Idaho at 506, 492 P.2d at 45. *Weatherby* does not stand for the proposition that

officers and directors of a corporation have a fiduciary responsibility regarding the private property of the stockholders. Rather, that fiduciary duty lies only as to corporate assets. Later, the Ninth Circuit Court of Appeals stated that, under the same statute, "corporate directors are fiduciaries, and may not appropriate corporate assets or opportunities for their own gain. Close scrutiny is given to all corporate actions in which the directors have a financial interest." *Kidwell ex rel. Penfold v. Meikle*, 597 F.2d 1273, 1292 (1979).

We find no authority for the proposition that a corporate officer's *fiduciary* duty extends to non-corporate assets such as the stock holdings of individual shareholders.

Accordingly, we affirm the dismissal of Count II.

## III.

### Count III, Constructive Fraud

██ The trial court, after discussing the elements of a cause of action for constructive fraud and commenting on its finding that certain of its elements could not be proven, correctly noted:

> Finally, even if the facts sufficiently create an inference of constructive fraud, "causing the creation of a constructive trust," then the plaintiff's cause of action would lie against the estate of William F. Hoops, and not against the corporation. Any constructive trust, imposed as a matter of equity, would necessarily have to be imposed upon the stock allegedly improperly transferred in 1961. This stock was, and is, in the possession of the Estate of William R. Hoops, not Hoops Construction Co. Thus, a constructive trust is not the appropriate remedy as against Hoops Construction Co.

We agree with that analysis and affirm the dismissal of Count III.

---

1. Count I (conversion) was dismissed on the basis that the 3–year limitation statute of I.C. § 5–219(1) applies. If the conversion had been accomplished through fraud as the complaint alleges, then the discovery provision of subsection (4) would control, but since that ruling was not appealed, we will not disturb the dismissal of Count I.

## CONCLUSION

The decision of the trial court is in all respects affirmed. Costs to respondent, no attorney fees awarded.

SHEPARD, C.J., and BAKES, BISTLINE and JOHNSON, JJ., concur.